# Radford, et al. v. Fidelity & Columbia Trust Company.

(Decided October 21, 1919.)

## Appeal from Jefferson Circuit Court
## (Chancery Branch No. 2).

1. Wills—Construction—Intention of Testator.—In ascertaining the intentions and meaning of a testator as expressed in his will, reference must be had to the laws of the testator's domicile, at the time the will was executed, unless it appears, from the will,

that the testator had in mind, and made the will with reference to the law prevailing in some other jurisdiction.

2. Wills—Rights of Parties—How Determined.—If the property, devised, is personal property, the rights of the parties under the will, are determined by the laws prevailing in the jurisdiction of the testator's domicile at the time of his death.

3. Wills—Foreign Will—Construction.—In the absence of any showing, that the law of the testator's domicile, is otherwise, it will be assumed when a foreign will must be construed in a court of this state, that the rule of our common law, in this state, may be invoked to the effect, that a will must be sustained and the intentions of the testator given effect and carried into execution, whenever it can be done, if it can be done without the violation of the established rules of law, or the public policy of the state.

4. Wills—Devise of Personalty Without Limitation Over.—Where personal property is devised without limitations and there is no devise over, the requirement that it be placed in the hands of a trustee, does not change the character of the estate given, or reduce it from an absolute estate to one less.

TRIMBLE & BELL, J. E. WILLIAMSON and HENRY BURNETT for appellants.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY and CHAS. MILNER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

Margaret Dean Willis was a young unmarried woman, and resided in Nashville, Tennessee, and, on May 20, 1907, while in Louisville, Kentucky, entered into articles of agreement with the Columbia Finance and Trust Company, the predecessor of the appellee, Fidelity and Columbia Trust Company, which has succeeded to all the rights and liabilities of its predecessor, and by which articles she assigned and delivered to the first named Trust Company, as a trustee for her, securities to the value of $34,500.00.

Under the terms provided for in the contract, the Trust Company agreed to hold the securities, and such others as they might be converted into, and to invest and reinvest the same, and to pay over to the trustor, the income, arising from the securities, as the same should accrue and in any event to pay to her, the sum of $150.00 per month, so long as the trust fund, principal and interest would make such payment, but, in the event, the trustor should become mentally incompetent, then the trustee, in its discretion, might apply the entire fund, principal and interest to her maintenance. The trustor was not to

have the right to assign or transfer, nor to anticipate in any way the principal, or interest, nor was same to be subject to her debts, but she reserved the right to change the trustee, under the deed of trust, at any time, upon reasonable notice, in writing to the trustee, naming another trustee, in which event the trustee would transfer the funds to the substitute named, together with all the duties, trusts and obligations, set out in the contract. As compensation for its services, the trustee was to receive five per centum of the income, which it should derive from the trust funds. The contract, also, contained the following stipulations:

"At the death of the said Margaret Dean Willis, the said trustee will pay over so much of said fund as may then remain in its hands, to such person or persons, as the said Margaret Dean Willis may appoint by last will and testament, and in default of such appointment, shall pay over such part of said fund to Elizabeth Jones Haile, daughter of Eustice A. Haile, of Nashville, Tenn., and Alice Radford, daughter of Walter A. Radford, of Christian county, Kentucky, share and share alike."

Thereafter, Margaret Dean Willis removed to, and became domiciled in the city of Evansville, Indiana, where she intermarried with Walter .W. Weintz, who was, also, domiciled in the same state. About four months after the marriage, she died, but before her death, she executed a last will and testament, by which, it is claimed by the appellee, Trust Company, she exercised the power of appointment, which she had reserved in the contract or deed of trust, and that, by her will, she had designated her husband, as the party, to whom it should pay the trust funds, in its hands, at her death. The will was duly probated, in the proper court designated for that purpose, by law, in the state of Indiana, and was thereafter duly probated, in the county court of Jefferson county, Kentucky, wherein the appellee has its place of business, as a valid will of such real and personal property, as the testatrix owned at the time of her death in the state of Kentucky. The appellee continued to hold the trust funds, but, whether upon the same terms and conditions as were prescribed in the trust deed between it and the original trustor, or whether upon other terms and conditions agreed upon between it and Walter W. Weintz, does not appear, until after the death of Weintz, which occurred about four years after the death of his wife, when it paid over the funds

to the persons entitled, by law, to receive the property of Weintz, following his death.

The appellants, Elizabeth Jones Haile and Alice Radford instituted this action against appellee, Trust Company, alleging, that under the deed of trust, upon the failure of Margaret Dean Weintz (nee Willis) to appoint some person by last will and testament to whom the funds should be paid, upon the death of Mrs. Weintz, the funds became their property, and should be paid to them, and that, Mrs. Weintz did not, by her last will and testament, make any appointment, and in violation of its trust, the appellee had delivered the funds to others, and sought a judgment for the sum, remaining in the hands of the trustee, at the death of Mrs. Weintz, after deducting two devises of $1,000.00 each provided for by the will, which left the amount, sought to be recovered, the sum of $32,000.00. The appellee, by answer, set up the terms of the will, as the authority for its action. A general demurrer to the answer, was overruled. The appellants then filed a reply, to which a general demurrer was sustained, and declining to further plead, their petition was dismissed, and they have appealed.

It is conceded, that, if Mrs. Weintz did not, by her last will and testament, exercise the power of appointment of some one to whom the trustee should pay the funds, in the event of her death, which power she had reserved in the trust contract, it was the duty of the trustee, under the trust contract, to deliver the funds to the appellants, an equal share to each, upon the death of Mrs. Weintz, and whether she did make such an appointment, must be determined from her will. The parts of her will, which it is necessary to consider, in this connection, are the following:

Part of the preamble, is as follows:

"And I, the said Margaret Willis Weintz, desire and intend, by this will, to will, give, bequeath, devise and dispose of all my property and estate, which shall include all real, personal and mixed property, belonging to me, both in and out of my possession, as follows, to-wit:"

The first clause, is a direction, that her debts be paid. The second clause devises to her husband $1,000.00 to be used by him in the erection of a monument at her grave. The third clause devises the sum of $1,000.00 to Mrs. Martha Cabaniss, of Evansville.

"Fourth Clause:—I will, give, bequeath and devise all the remainder and residue of my said estate and property, which shall and does include all personal property, real estate, money, promissory notes, bonds, stock, certificates of deposit, trusts, money and property held in trust for me, choses in action, rights and credits, clothing, jewelry, heirlooms, and everything of value of whatsoever kind and nature belonging to me, absolutely and fully, to my beloved husband, Walter W. Weintz. And it is my will, that as to all my property, money and estate now held in trust for me, by the Fidelity Trust Company, at the city of Louisville, Kentucky, after the payment of all my debts and the payment of the amount for the purchase and erection of the monument, and the carrying out of clause two (2) of this will, and, also, the payment of the sum of one thousand dollars ($1,000.00) to said Martha Cabaniss, as provided in clause three (3) of this will, that the principal of the residue thereof, shall be held in trust for my said husband, Walter W. Weintz, for a period of twenty years, or until his death; but, that all income, use, rents, benefits, and proceeds thereof, after the payment of the necessary and reasonable expenses of and taxes on said trust and property, shall, during the existence of, and the time of this trust, be paid to said Walter W. Weintz at any and all reasonable periods of time.

"That the said trustee, or trustees, of said trust, shall be selected and named by my said husband, Walter W. Weintz; that said trustee shall, at all times, give a good and sufficient bond, surety and indemnity payable to said Walter W. Weintz, for the purpose of securing and to fully protect and save all of said estate and property, and said Walter W. Weintz from any and all loss and damages, whatsoever, and the faithful performance and carrying out of this trust and of this part of my will, and of the delivery and payment of all of said trust and trust property to said Walter W. Weintz, at the expiration of this trust; that this said trust shall terminate and end at the expiration of said 20 years, or earlier, in the event of the death of said Walter W. Weintz. And I authorize and empower my said husband, Walter W. Weintz, to make and enter into such agreements and contracts with the trustee or trustees of said trust during the time and continuance thereof, as he, the said Walter W. Weintz may deem just and for the best interests of this

trust and of himself, as to the uses, payments of interest, income and benefits, and all other acts and things to be done in the matter of said trust and for the proper accounting thereof at any time, and of the payment and delivery of said trust and trust property at the expiration of said trust, or the removal or resignation of any trustee thereof. And I hereby authorize and empower my said husband, Walter W. Weintz, at any time, he may think proper so to do, and for any cause, whatever, to remove any trustee or trustees and he is to select another trustee in the place thereof, who shall give like security and for the purposes as herein before stated; and I request my said husband to name and permit the trustee now acting for me, to-wit: the Fidelity Trust Company, at Louisville, Kentucky, to be and act as the trustee under the provisions of this will, so long as he may think it safe and proper so to do.''

By the fifth clause of the will, it is provided, that if any child or children are born unto her, her property shall go to them and her husband, in equal shares and shall be held in trust for them until her youngest child shall become 21 years of age, the trust to be as provided for by clause four, but if none of her children should live until the age of twenty-one, then her estate shall pass, as provided by clause four, and if she should die childless, her property should be disposed of, as provided by clause four.

By the sixth clause, she devises a small farm of which she was the owner, to her husband, subject to appropriation of the rents and profits to the support of an old colored woman during her lifetime.

The seventh clause devises to the husband, all of her property, not held in trust by the appellee, without any restrictions upon it, whatever.

By the eighth clause, the testatrix nominated her husband as executor of her will.

The testatrix died childless, and hence, the event upon which she devised that portion of her estate, which was held in trust, by appellee, as provided by the fifth clause of the will, never occurred, and by the express provisions of the fifth clause, upon the failure of the event to occur, upon which the estate was to pass as by that clause, it was provided, that the estate should be disposed of as directed by the fourth clause.

It is contended, by appellants, that in ascertaining the intentions and meaning of the testatrix, as expressed

in the instrument, and in construing it, in order to determine the rights of the parties under the will, we must be guided by the laws upon those subjects, which prevailed in the state of Indiana, at the time of the execution of the will. This contention seems to be sound, as in accordance with the general rule of interpreting and ascertaining the meaning and intentions of a testator, as expressed in his will, reference must be had to the law of his domicile, at the time, the will was executed, and such law will govern, unless it appears, from the will, that the testator had in mind and made his will with reference to the law prevailing in some other country or jurisdiction. By the same rule, if the property, in controversy, is personal property, the rights of the parties under the will are determined by the laws prevailing in the jurisdiction of the testator's domicile, at the time of his death. Dannelli v. Dannelli, 4 Bush 51; Hussey v. Sargent, 116 Ky. 53; Fletcher's Admr. v. Sanders, 37 Ky. 345; Towns v. Durbin, 3 Met. 353; Chapline v. Moore, 7 T. B. M. 175; Story's Conflict of Laws, 422; 40 Cyc. 1382; Fletcher's Admr. v. Weir, 7 Dana, 348; Embry v. Miller, 1 A. K. M. 300; 5 R. C. L. 1018. There is nothing in the will of the testatrix to indicate, that in making her will, she had in contemplation, the laws prevailing in Kentucky. Hence, whether the fourth clause of her will was a valid and sufficient execution of the power of appointment reserved by her, in the deed of trust, is a question, which must be determined by the laws of Indiana so far as they have been pleaded and relied upon by appellants, in their reply, and that they are such as are pleaded is admitted by the demurrer to the reply. In the absence of any averments as to what the laws prevailing in Indiana, were, upon questions to be determined, at the time of the execution of the will and the death of testatrix, the laws of Kentucky, as the law of the forum, will govern. The holding of this court, in Lee v. Belknap, 163 Ky. 418, relied upon by appellee, does not militate against the conclusion above stated, as in that case, the deed of trust under which the property was held, expressly provided, that in the event, the trustor did not exercise the right of appointment, which she had reserved the power to do by will, the property, in trust, should descend to, and be distributed between the persons who would be entitled to inherit it, in accordance with the laws of Kentucky. The trustor died, intestate, and did not attempt to exercise the power of appointment, which she had re-

served in the trust contract, and this court approved a disposition of it, in accordance with the terms of the deed of trust.

There is no insistence, that there is any law, peculiar to the state of Indiana, to be applied, in ascertaining the intentions of the testatrix, as expressed in her will, and hence, we assume, that the rules of the common law, in force, in this state, should be applied for that purpose. Applying the general and elementary rule for ascertaining the intentions of the testatrix, which in the absence of ambiguities, as in the instant case, is to consider the entire will, and to ascertain the intention of the testatrix from the language used, there could not be two opinions, as to what she intended to do. It is, also, a doctrine of general acceptance and application, in this state, and for the reason above stated, we assume, that it is the same in our sister state of Indiana, that wills must be sustained and the intentions of the testatrix given effect and carried into execution, whenever it can be done, if it can be done without the violation of established rules of law, or the public policy of the state. Watkins v. Bennett, 170 Ky. 469; Hussey v. Sargent, *supra,* Anderson v. Hall, 80 Ky. 91; Bayless v. Prescott, 79 Ky. 252; McFerran v. Fidelity Trust Co., 140 Ky. 536; Buschmeyer v. Klein, 139 Ky. 124; Thackston v. Johnson, 84 Ky. 210; Citizens Trust Co. v. Fidelity Trust Co., 136 Ky. 540; Patrick v. Patrick, 135 Ky. 307; Forester v. Werner, 174 Ky. 183; Carroll v. Cave Hill Cemetery Co., 172 Ky. 111; 40 Cyc. 1386; Hardin v. Hardin, 170 Ky. 740.

The appellants, without relying upon any law of construction peculiar to the state of Indiana, but, conceding for the purposes of the contention, that all of the provisions of the will are valid, and should be considered in ascertaining the testatrix's intention, insist, that she did not intend, by her will, to execute the power of appointment, which she had reserved in the deed of trust, further, than to devise, to her husband, an estate less than a fee, in the property, held in trust by appellee, that is, a life estate, if he did not live for twenty years, and the right of appellants to the corpus of the fund was never divested—in other words, the estate, devised to the husband, was an estate for life, unless he lived for twenty years, and that a fee simple title to the fund, would not mature for him, until the expiration of twenty years, and that she intended to die intestate as to the remainder interest in the fund, in trust, in the event, the husband

died before the expiration of twenty years. In support of this contention, the provisions of clauses, five, six and seven, are relied upon, as being repugnant to the idea, that clause four gave, to him a fee, in the trust fund, and although, the first lines of clause four, were sufficient to execute the power, reserved in the trust contract and to give the husband the fee simple to the fund, the provisions of the remaining part of clause four modified the absolute gift in the first lines, in that therein, the husband was directed to appoint a trustee for the fund, and to enter into a contract creating a trust for his sole benefit, which was to continue for twenty years, unless he sooner died, and these requirements, were in derogation of an absolute fee, in the property, and reduced the estate, which was apparently absolutely given to him by the first lines of clause four, to a life estate. A reading of the will, however, does not develop a repugnancy, in the other clauses, to a devise of the entire and absolute estate in the trust fund to the husband. By the express terms of the fifth clause, it was to have no effect, whatever, unless the testatrix left living children at her death, which she did not, and it further expressly provided, that in the event, she did not leave living children, then the disposition provided for by the fourth clause should be effective. When the remaining clauses are read together, the seventh clause gives to the husband, all of her property, not otherwise disposed of, without any directions to put it in trust; the sixth clause gives to the husband, the small farm, subject to a trust for the benefit of the old colored woman, during her life, while the fourth clause gives to him the trust fund, in the hands of appellee, with a direction, that he put it in trust for twenty years, or during his lifetime, if he should die before the expiration of twenty years; he to appoint the trustee, make the trust contract, and receive the entire income. Now did the testatrix intend to devise the absolute ownership of the trust fund, in the hands of appellee, to her husband, or did she intend to devise to him only a life estate, if he did not thereafter live for twenty years, and to die intestate as to the remainder interest? Appellants do not impeach the soundness of the doctrine, that, "An estate once given in fee will not be defeated by a subsequent provision in the same instrument limiting it to a smaller estate, unless the language of the instrument, or the intention of the testator requires it." It will be observed, that the first lines of clause four pro-

vide, as follows: "I will, give, devise and bequeath all the remainder and residue of my estate and property, which shall and does include all personal property . . . trusts, money and property held in trust for me, . . . and everything of value of whatsoever kind and nature belonging to me absolutely, and fully to my beloved husband, Walter W. Weintz." This language does not limit the absolute ownership in any respect, and that the testatrix intended to dispose of her entire property by her will, does not have to be solved by invoking the presumption, that a testatrix always intends so to do, but, she expressly declares that to be her intention by the first lines of the will, wherein she declares, that she "desires and intends, by this will . . . to dispose of all of my property and estate, which shall include all real, personal and mixed property, belonging to me, both in and out of my possession." In the fifth clause, she reiterates her intention, that her husband shall have all of her estate, in the event, she dies childless. There is no intimation of a purpose not to devise the absolute property, in the fund in controversy to her husband, as she specially names it. There is no devise over of any of her property upon the happening of any circumstance or condition. There was no restriction placed upon the use or enjoyment of the property, in controversy, which was repugnant to the absolute ownership of it. A large number of cases have been cited by appellants, which tend to support the doctrine, that words purporting to devise or grant an estate in fee may be modified by subsequent provisions in the same instrument, so as to reduce the estate first apparently given to a lesser estate, when the language of the instrument and the intention of the grantor or devisor requires it, but, in these cases, there is in nearly every instance, a devise over, upon the happening of some circumstance or condition. It is true, that in the instant case, there was no specific language authorizing a disposal of the property, by the devisee, but, we do not understand, that any such language is required to accompany the devise of the absolute right, title and interest in property, to authorize the devisee to dispose of it. The trust provisions, which the fourth clause of the will directed the husband to apply to the property, are urged, as indicative of the intentions of the testatrix to give him a less estate, than a fee, but, the same provisions are required to be applied to it, by the fifth clause of the will, which devised the property to

her husband and children, jointly, if she left surviving children, and it would hardly be insisted, that the testatrix would have maintained an undisclosed purpose, to preserve the property for the appellants, as against the interests of her own children, because they might have descendants, although dying under twenty-one years of age.  In the absence of a devise over, in the event, the husband should die before twenty years had expired, and in the absence of any language indicative of a life estate or the existence of any conditions upon which the ownership or enjoyment of the estate was limited, and the devise made with such explicit declarations of the character of the estate given, and the intent of the testatrix, a contrary theory cannot be evolved from ingenious suggestions arising from awkward words and phrases, employed by the draughtsman.  Where personal property is devised without any limitations, and there is no devise over, the requirement, that it be placed in the hands of a trustee, does not change it from an absolute ownership or fee to a less estate.  Drye v. Cunningham, Medley Co., 74 S. W. 272; 24 R. 2500; Cornelison, et al. v. Million, 138 Ky. 416; Kepheart v. Hieatt, 25 R. 1603; Webster v. Webster's Trustee, 93 Ky. 632.  The latter case was overruled, in part, by Carpenter v. Carpenter, 119 Ky. 584, but upon the question here discussed, it was not overruled.

It was alleged in the answer and undenied, that by virtue of section 3123, Burns' Annotated Statutes, under the laws of Indiana "every devise in terms denoting the testator's intention to devise his entire interest in all his real or personal property, shall be construed to pass all the estate in such property," which the testator was entitled to devise at his death.  Hence, it must be concluded, that the estate devised to the husband, in the property, in controversy, was an absolute estate, embracing every right and interest in it.

(b) It is however, contended, that although the testatrix intended, by her will, to fully execute the power, which she had reserved in the deed of trust, and to bestow upon her husband, the absolute estate in the property, and doubtless believed, that she had done so, yet, her intentions, as expressed in the will, can not be carried into effect, because, under the law of her domicile, the provisions in regard to a trust in the fourth clause of the will, are contrary to law, and ineffective.

Two grounds are relied upon as making the provisions relating to the trust invalid and unlawful.

(1) That the provisions created a perpetuity, in that they were a restraint upon the alienation of the property, and that the laws of Indiana, as enacted by sections 9723 and 3998, Burns' Annotated Statutes, and as construed by the courts of that state, made unlawful and void, an attempted suspension of the power of alienation of either real or personal property for a term of years, and although, under the statutes quoted, it was lawful to suspend the power of alienation of the property during the lifetime of persons in being, at the death of the testatrix, the suspension, by the testatrix's will, was for a period of twenty years, if the devisee should live that long, and for that reason, was unlawful and invalid.

(2) That it was the law of the state of Indiana, that in order that a trust, attempted to be created by a will, shall be valid, it must be so constituted that the title to the property, covered by the trust, can, and shall vest in some person, natural or artificial, by the force of the will, and if such is not the case, a court of equity can not supply a vacancy in the trusteeship, and is without power to enforce the trust, and hence, the trust, attempted to be created by the will of the testatrix, is void.

As to the first objection to the validity of the trust provisions, it will be observed, that in the entire will, there is no restraint placed upon the devisee's power of alienation of the estate.

As to the second ground of objection to the validity of the trust provisions, it will be observed, that the will does not, of itself, create a trust. It directs the devisee to create a trust, by appointing the trustee and agreeing upon terms and conditions of the trust, the power to remove the trustee at any time at his pleasure, and for any cause, whatsoever.

The only thing, which the will directs in regard to the terms of the trust, is that the trustee shall execute bond to the sole beneficiary, the husband, for the faithful performance of his duties. It is not alleged, that under the laws of Indiana, such provisions of a will are invalid as the averments of the reply seem to refer to a trust, which is created by the maker of the will. The testatrix created, both the power reserved in the deed of trust, and executed it by her will and the execution of the power, had the effect to divest the appellants of any right, they had to the fund under the trust deed, and the legal title to the

property, is vested in the devisee, under the deed of trust, by the terms of the will.

It is, however, not necessary to determine whether, under the laws of Indiana, the provisions of clause four of the will creates a valid trust, as it is not alleged, that the provisions of clauses, four and five which devise the property to the husband, would be invalid, for any reason, except that the provisions relating to the trust are such an essential portion of the scheme of the testatrix, that it can not be assumed, that she would have made the valid provisions except in connection with the invalid provisions, or that a distribution of the estate in accordance with the valid provisions alone, would not be contrary to the intentions of the testatrix, and it is alleged, that where such a state of case exists, under the laws of the state of Indiana, the entire distribution of the property, is void.  Otherwise the invalid provisions could be discarded, and the valid provisions put in effect.

The entire will, when read together, shows the chief solicitude of the testatrix to have been for the welfare of her husband, and that the trust directed, was merely a secondary consideration.  She devises to a friend $1,000.-00, and then $1,000.00 to her husband to erect a monument at her grave, with authority on his part, to prescribe the inscription.  She unqualifiedly gives him all the residue of her estate, and the trust, which she authorized him to create for the funds which were held in trust for her, was to be one, of his own making, both as regards the terms of the trust contract and the trustees, whom he could appoint and remove at pleasure.  The trust provisions, were solely for his benefit, that he might enjoy the entire sum, and its income, and was not attended with any language which purported to impose any restraint upon his right to alienate.  Hence, it does not seem that a distribution of the fund without reference to the provisions, of such a trust as the testatrix provided for, would be contrary to her intentions, or that she would not have bestowed the bequest as provided by the admittedly valid clauses of the will, if she had had knowledge, that the provisions for the trust would not be effective.

The judgment is therefore affirmed.