**Susan Jane SANTOLI et al., Appellants,**

v.

**The LOUISVILLE TRUST CO. et al., Appellee.**

Court of Appeals of Kentucky.

April 22, 1977.

Martin Roach, John E. Tarrant, Louisville, for appellants.

Henry R. Heyburn, Samuel R. Wells, Brown, Todd & Heyburn, Louisville, for appellee.

Before COOPER, HOGGE and REYNOLDS, JJ.

COOPER, Judge.

Charles M. Thatcher and Mary A. Thatcher died testate in the state of Michigan, each in 1936. At the time of their death they were survived by three children and a granddaughter, they are respectively; Rosella, Sarah, Oliver and Mary Jane. Their wills contained a trust provision identical in nature and providing as follows:

"I direct that one-fourth of the net income from my said trust estate shall be paid in quarterly installments to my granddaughter, Mary Jane Thatcher of Escanaba, Michigan, so long as she shall live. At her death I direct that her one-fourth of said net income shall be paid in quarterly installments to her surviving issue and the issue of any deceased child of hers, per stirpes, and not per capita, until her youngest child shall arrive at the age of twenty-one years, at which time the share of my said granddaughter, Mary Jane Thatcher, consisting of one-fourth of the principal of said trust estate shall be divided into as many parts as she has children, or issue of deceased children, surviving her. One full part thereof shall be paid in fee to each surviving child of said Mary Jane Thatcher, and one full part thereof shall be divided equally among the issue of any deceased child of hers and paid in fee to them.

In the event my said granddaughter dies without issue surviving her, or dies with surviving issue, but said issue dies

childless before arriving at the age of twenty-one years, then I direct that the share of my trust estate that would have otherwise gone to my said grandchild, or her issue upon arriving at the age of twenty-one years shall be paid to each of my children, Sarah T. Leighton, Oliver V. Thatcher and Rosella T. Boomer, if they survive my granddaughter, Mary Jane Thatcher, otherwise to the issue of such deceased child of mine, per stirpes, and not per capita.

I have treated my granddaughter, Mary Jane Thatcher, in this will on an equal basis with my own children because on account of the death of her mother, she has lived with us since infancy and we have always regarded her like our own daughter."

The Louisville Trust Co. was subsequently made trustee of this trust.

Mary Jane had no natural born children but adopted two, Susan Jane and Mary Bell. Mary Jane Thatcher died on July 9, 1960, and left surviving her adopted daughters, Susan Jane and Mary Bell, each of whom is now more than twenty-one years of age.

This litigation concerns whether these adopted children, by reason of their being adopted, should receive the portion in which Mary Jane was a life tenant, that amount being one-fourth of the trust.

The Chancellor below held that by virtue of Charles M. Thatcher and Mary A. Thatcher's being domiciled in the state of Michigan at the date of their death that Michigan law should be applied to the construction of the terms of these testamentary trust provisions in the absence of language which would indicate that the law of any other jurisdiction should be applied. Under the law of Michigan in 1936, the date of the testators' death, Susan Jane and Mary Bell as adopted children would not take as natural children, and would consequently be excluded from taking under the will.

The dispositive issue before the Court of Appeals is whether the lower Court erred in holding that the law of Michigan should apply rather than the law of Kentucky.

In a comprehensive and well reasoned opinion, the lower Court cited the case of *Martin v. Harris,* 305 Ky. 235, 203 S.W.2d 78 (1947), which held:

"The general rule as to jurisdiction seems to be that, where the laws of different jurisdictions are involved in the construction and interpretation of a will, the construction and proper interpretation of ascertaining testator's meaning and intention as expressed therein are governed by the law of the testator's domicile, unless the circumstances under which the will was executed, or the language of the will as a whole, show that the testator had in mind the law of another jurisdiction, so far as it concerns the ascertainment of the testator's intention, this rule applies even though the will disposes of real estate. But the operative effect of the will, and the rights of the parties thereunder, as to personalty, are governed by the law of the testator's domicile at the time of his death and as to the disposition of real estate, or the creation of the interest therein, by the law of the place where the property is situated."

■ Appellant argues that logic compels a finding that the testators' allowing a corporate trustee to be located anywhere in the United States indicates they intended for the law of Kentucky to be applied in interpreting their wills. We cannot agree that the language of the will can be so construed. After a thorough examination of the wills, we find no language which convinces us that the testators intended any law but Michigan's to be applied in the interpretation of their wills. The law of Michigan, consequently, must be applied. *Martin v. Harris,* supra; *Dannelli, et al v. Dannelli's Admr.,* 67 Ky. (4 Bush) 51 (1868); *Radford v. Fidelity & Columbia Trust Company,* 185 Ky. 453, 215 S.W. 285 (1919).

■ A testator is presumed to know the law of his domicile at the time of his death, and it is presumed that he wishes his will to be executed pursuant to that law if

language or circumstances do not otherwise indicate. Courts are reluctant to amplify facts and imply from coincidence to frustrate what must be the presumed intent of the testator. The judgment of the lower Court is affirmed.

All concur.