**Sara Louise Hickey BOYD and James Hickey, Plaintiffs–Appellants, Cross–Appellees,**

v.

**Elaine LaMASTER, Defendant–Appellee, Cross–Appellant.**

**Nos. 89–6471, 89–6500.**

United States Court of Appeals, Sixth Circuit.

Nov. 29, 1990.

Decided March 7, 1991.

Rehearing Denied April 16, 1991.

**238**

Joseph L. White, Louisville, Ky. and William H. LeVitus (argued), Chicago, Ill., for plaintiffs-appellants, cross-appellees.

Robert C. Hobson, Richard H.C. Clay, Joseph L. Lenihan (argued), and Joseph L. Lenihan, Woodward, Hobson & Fulton, Louisville, Ky., for defendant-appellee, cross-appellant.

Before NELSON and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

DAVID A. NELSON, Circuit Judge.

This is an appeal from a grant of summary judgment for the defendant in a diversity action brought to recover trust assets allegedly transferred to the defendant improperly.

The plaintiffs' mother had a life interest in the trust, and the plaintiffs had the remainder interest. The mother served as co-trustee with her daughter, Sara Boyd, who is one of the plaintiffs. Sara Boyd and her brother, who is the other plaintiff, alleged in their complaint that shares of stock belonging to the trust had been put in their mother's name individually, and that shortly before her death the mother had wrongfully conveyed the stock to the defendant. The plaintiffs sought equitable relief on a constructive trust theory or, in the alternative, restitution. The defendant denied that the plaintiffs were entitled to the stock, but the defendant took the precaution of filing a counterclaim against Sara Boyd for alleged failure to fulfill her fiduciary duty as a co-trustee.

The district court granted summary judgment to the defendant on the grounds that she was an innocent recipient of a gift and that the plaintiffs had an adequate remedy against their mother's estate. The defendant was not a bona fide purchaser for value, however, and we find nothing in the applicable law that would bar the plaintiffs from tracing the trust assets and recovering them from the defendant. Accordingly, and because we conclude that the plaintiffs' claims were not barred by the pertinent statute of limitations or by laches, we shall reverse the judgment.

I

Plaintiffs Sara Boyd and James Hickey are the only children of the late Rollin and Sara Hickey. The defendant, Elaine La-Master, is Mrs. Hickey's niece.

The elder Mr. Hickey, a resident of Illinois, died in 1959. His will, which named Mrs. Hickey as executrix, contained a marital deduction provision under which the bulk of the estate was to be distributed to two trusts: a marital deduction trust, known as "Trust A," and a family trust, known as "Trust B." Mrs. Hickey was named the income beneficiary of Trust B for her life, with the property to go to Mrs. Boyd and her brother in equal shares at Mrs. Hickey's death.

Mr. Hickey's estate included, among other things, 200 shares of common stock in Anheuser–Busch Companies, Inc. It took the executrix more than a decade to distribute the property to the trusts, and by that time a series of stock splits had turned the 200 shares into 880 shares. The 880 shares were among the assets selected for inclusion in Trust B.

Acting as co-trustees of Trust B, Mrs. Hickey and Mrs. Boyd signed a document acknowledging receipt of the 880 shares of Anheuser–Busch stock. Mrs. Boyd testified in her deposition, however, that she signed the receipt in California, where she lived, and that the shares were delivered to her mother in Chicago.

Although Mrs. Boyd was apparently unaware of it at the time, Anheuser–Busch transferred the 880 shares to Mrs. Hickey

in her individual name and not in her capacity as co-trustee. Eight days later—on April 28, 1971—the company declared a two-for-one stock split, leaving Mrs. Hickey as the registered owner of a total of 1760 shares.

Mrs. Hickey transferred half of the newly-split shares to Trust B in November of 1971. The remaining 880 shares were retained in her own name. It is the remaining shares—which have now increased to 5280 shares by virtue of still more stock splits—that are the subject of this appeal.

In February of 1986 Mrs. Hickey caused a brokerage account to be opened for defendant LaMaster, a resident of Kentucky. Soon thereafter Mrs. Hickey caused the transfer to Ms. LaMaster's account, as a gift, of all of the Anheuser–Busch stock then standing in Mrs. Hickey's individual name.

Mrs. Hickey died on August 7, 1986. It was in the course of a telephone conversation with Ms. LaMaster in November of that year, according to subsequent deposition testimony, that Mrs. Boyd learned of the transfer to Ms. LaMaster.

In February of 1988 Mrs. Boyd and her brother, James Hickey, filed a four-count complaint against Ms. LaMaster in the United States District Court for the Western District of Kentucky. Counts one and two sought to have a constructive trust declared. Counts three and four prayed for replevin. Ms. LaMaster answered the complaint and filed a counterclaim against Mrs. Boyd for indemnification. The theory of the counterclaim was that Mrs. Boyd's failure to fulfill her fiduciary duties as co-trustee of Trust B had allowed Mrs. Hickey to take the shares out of the trust in the first place.

The district court entered judgment in favor of defendant LaMaster on cross-motions for summary judgment. The counterclaim was dismissed as moot. The plaintiffs filed a motion to alter or amend the judgment, which motion was denied. This appeal followed.

## II

In exercising its diversity jurisdiction a federal district court must apply the choice-of-law rules of the state in which it is located. *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Under Kentucky's choice-of-law rules a testamentary trust of personal property is governed by the substantive law of the state in which the testator was domiciled at the time of his death—unless, of course, the governing instrument contains express language to the contrary. *Santoli v. Louisville Trust. Co.,* 550 S.W.2d 182, 183 (Ky.App.1977). Rollin Hickey was domiciled in Illinois at the time of his death. Accordingly, and because the will contains no contrary language, the plaintiffs' claims are governed in their substantive aspect by the law of Illinois. For reasons to which we shall turn shortly, however, it is Kentucky's statute of limitations that is pertinent here.

Illinois law does not require that there be wrongful conduct by the person in possession before a constructive trust can be declared. *See Estate of Polley v. Citizens and Southern National Bank of Macon, Georgia,* 111 Ill.App.3d 873, 67 Ill.Dec. 478, 444 N.E.2d 714 (1982), which is directly on point. The testatrix in that case left her husband a life interest in certain shares of stock, but he reregistered the stock to reflect an unlimited interest. When he died, the stock passed under his will to his second wife rather than to the remaindermen designated in the first wife's will. The trustee for the remaindermen filed a petition to recover the shares, or their proceeds, from the second wife. The trial court granted the petition, even though there had been no showing of wrongful conduct on the second wife's part. The Illinois appellate court affirmed the decision, declaring that "[t]rust proceeds, no matter what their form, clearly may be traced as was done in the present case." *Id.* 67 Ill.Dec. at 483, 444 N.E.2d at 719.

We see nothing in the facts of the case at bar that would compel a different result here. It is a time-honored maxim, observed

in Illinois, that even if "the hand receiving it be ever so chaste, ... if it comes through a corrupt, polluted channel, the obligation of restitution will follow it." *Addis v. Grange*, 358 Ill. 127, 192 N.E. 774, 777 (1934) (quoting Lord Eldon).

The validity of the plaintiffs' claim against Ms. LaMaster does not turn on whether the plaintiffs had an adequate remedy against Mrs. Hickey's estate. The Illinois Supreme Court has held that "[i]t is a well settled principle in equity that where a trustee commits a breach of trust and becomes liable to his *cestui que trust*, the latter has the option of following the property into the hands of the purchaser if he takes it with notice, or to recover the amount he has been injured." *Wallace v. Malooly*, 4 Ill.2d 86, 122 N.E.2d 275, 282 (1954). As a mere donee, defendant La-Master stands in no better position than a purchaser with notice.

■ The plaintiffs' claims were not barred by the pertinent statute of limitations. Ky.Rev.Stat. 413.320 specifically provides that a Kentucky court must apply its own statute of limitations unless the cause of action arose in another state *and* that state's limitations period is shorter:

"[w]hen a cause of action has arisen in another state or country, and by the laws of this state or country where the cause of action accrued the time for the commencement of an action thereon is limited to a *shorter* period of time than the period of limitation prescribed by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period." (Emphasis supplied.)

*See Seat v. Eastern Greyhound Lines, Inc.*, 389 S.W.2d 908, 909 (Ky.App.1965). Both Illinois and Kentucky have five-year statutes of limitations, see Ill.Rev.Stat. ch. 110 ¶ 13–205 and Ky.Rev.Stat. 413.120(6), so it is the Kentucky statute to which the plaintiffs' claims are subject.

■ The Kentucky Court of Appeals' decision in *Potter v. Connecticut Mutual Life Insurance Co.*, 361 S.W.2d 515 (Ky. 1962), shows that the plaintiffs' claims are not barred by the Kentucky statute. In

that case Charles Potter left his estate to his wife Ruth for life, with the remainder to pass at her death to their two children. Exercising the powers granted to her by the will, Ruth purchased ten-year endowment policies payable at their maturity to her or, if she should die before that time, to her children. Three years before her death she changed the terms of the policies so that payments would be made to her for life, then to her children for life, and then to *their* children in fee. More than a decade after her death her children filed a suit against the issuer of the policies. The trial court held that their action was barred by the statute of limitations; the Court of Appeals agreed. The appellate court declared, however, that the statutory period began to run only when Ruth Potter died, not when she committed the breach of trust: "[w]e hold, therefore, that the cause of action of the remaindermen to recover possession of the estates vested in them by the will of Charles Potter accrued *upon the death of Ruth Potter, the life tenant ....*" *Id.* at 518 (emphasis supplied).

In the case at bar, as we have seen, the life tenant died in August of 1986 and the lawsuit was commenced in February of 1988. Because the plaintiffs filed their complaint less than five years after the life tenant's death, their claims are not barred by the statute of limitations.

■ Nor are the claims barred by laches. The doctrine of laches involves "an unreasonable delay in asserting a right ... that results in injury or works a disadvantage to the adverse party." *Denison v. McCann*, 197 S.W.2d 248, 249 (Ky.App. 1946). We see nothing unreasonable in the eighteen-month delay between Mrs. Hickey's death and the filing of the plaintiffs' complaint, and we see nothing therein that has injured the defendant.

The judgment of the district court is hereby REVERSED, and the case is REMANDED to the district court with instructions to reinstate the defendant's counterclaim. (The merits of the counterclaim have not been argued here, and we intimate no opinion as to its merits or as to

the standing of the defendant to press the counterclaim.)