**TREME v. STENDER et ux.**

No. 2906.

Court of Civil Appeals of Texas. Eastland.

Dec. 14, 1951.

Rehearing Denied Jan. 11, 1952.

316

Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellant.

Cade & Bowlin, Lubbock, for appellees.

LONG, Justice.

George H. Stender and wife brought this suit against Mrs. Ralland Treme individually and as community survivor of the estate of her deceased husband, seeking damages for the death of their daughter, Lois Ann Gray. Mrs. Treme filed a plea of privilege to be sued in Bastrop County, the county of her residence. From an order overruling her plea she has appealed.

The record discloses that on November 13, 1950, Lois Ann Gray, together with her husband, her brother and two minor children, were killed in a collision of an automobile in which they were riding with an automobile being driven by Ralland Treme, in Scurry County. Ralland Treme was also killed in said accident. Plaintiffs seek to hold venue in Scurry County under Subdivision 9 of Article 1995, Vernon's Annotated Revised Civil Statutes. Said Subdivision 9 provides as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, whether committed by the defendant or by his agent or representative, or in the county where the defendant has his domicile."

The evidence is sufficient to sustain the finding of the trial court that Ralland Treme committed a trespass in Scurry County which resulted in the death of Lois Ann Gray. If Ralland Treme had lived

and suit had been instituted against him, venue could have been sustained in Scurry County under Subdivision 9. Appellees make the contention that Mrs. Treme, being the community survivor of Ralland Treme, stands in his shoes and that venue can, therefore, be maintained against her under said Subdivision. There is no case in Texas which we have been able to find that passes upon this question. Article 3669, Vernon's Annotated Revised Civil Statutes provides that when the community survivor shall have made application to the court, been appointed as such and an order has been entered approving his bond, etc., he may be sued with regard to the community estate in the same manner as during the lifetime of the deceased. Mrs. Treme did not so qualify. This is not a venue statute. Article 5525, Vernon's Annotated Revised Civil Statutes provides, in part, that all causes of action upon which a suit has been or may hereafter be brought for personal injuries or for injuries resulting in death, shall not abate by reason of the death of the person against whom such cause of action shall have accrued but that all such causes of action shall survive against the person liable for such injuries and his or their legal representative and may be instituted and prosecuted as if such person or persons against whom same accrued were alive. Clearly, this is not a venue statute.

■ Article 4676, Vernon's Annotated Revised Civil Statutes provides, in part, that if the defendant die pending the suit or if the person or persons against whom such suit might have been instituted if alive, dies before the suit is instituted, his or their executors or administrators may be made a party or parties defendant and the suit instituted and prosecuted to judgment as though such defendant or person or persons had continued to live. This and connected statutes create a cause of action for injuries resulting in death. They are not venue statutes.

■ Appellees make the contention that when the above Articles of the Statute are construed in connection with Subdivision 9 of the venue statute that this suit may be maintained against Mrs. Treme as survivor of the community estate in Scurry County for the reason that Treme committed a trespass in said county and if he had lived, venue could have been maintained in that county against him and, therefore, Mrs. Treme, being the survivor in community, venue can be maintained in that county under said Subdivision 9. They contend that the language in Article 3669 which provides that suits may be brought "in the same manner as during the lifetime of the deceased" and the language in the other Articles "that suit may be instituted as though such defendant had continued to live" gives the court in Scurry County venue over Mrs. Treme as community survivor. We cannot agree with this contention. It is the settled law of Texas that in order to deprive a defendant of a right of a trial in the county of his residence the case filed against him must clearly come within one of the exceptions found in the statute. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Meredith v. McClendon, Chief Justice, 130 Tex. 527, 111 S.W.2d 1062; Coalson v. Holmes, 111 Tex. 502, 240 S.W. 896; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

■ Subdivision 9 provides that a suit based on an offense or trespass may be brought in the county where such crime, offense or trepass was committed "whether committed by the defendant or by his agent or representative". There is no evidence in the record that Ralland Treme was the agent or representative of his wife. There is no showing that she was connected in any way with the trespass committed by him in Scurry County. We believe Articles 3669, 5525 and 4676 are not venue statutes and do not purport to extend or enlarge the statutes with reference thereto in any way. We are of the opinion the court erred in overruling the plea of privilege.

The case appearing to be fully developed, the judgment is reversed and the cause remanded to the trial court with instructions to transfer the case to Bastrop County.