Alvie ADAMS and Billy Adams, Executors, et al., Appellants,

v.

Billie Jean McHAM et al., Appellees.

No. 6577.

Court of Civil Appeals of Texas.

Amarillo.

March 19, 1956.

Crenshaw, Dupree & Milam, Lubbock, Lloyd A. Wicks, Ralls, for appellants.

Ratliff, Conner & Walker, Spur, W. P. Walker, Crosbyton, for appellees.

MARTIN, Justice.

This appeal involves an issue as to venue under Exception 9a, Art. 1995, Vernon's Texas Civil Statutes. The plaintiffs in the trial court, appellees here, are the surviving wife and minor children and parents of R. L. McHam, Jr. who was killed in an automobile-truck collision which occurred in Dickens County, Texas where the suit was filed. R. L. McHam, Jr. was a guest in the automobile of Butler Adams and both Butler Adams and his son, James Adams, were killed in the collision. The defendants in the trial court, appellants here, are the executors of the last will and testament of Butler Adams, deceased, and Mary Ann Adams, the qualified community survivor of the community estate of herself and James Adams, deceased. It is appellees' theory that James Adams was driving his father's automobile in which R. L. McHam, Jr. was killed. The undisputed facts reveal that R. L. McHam, Jr. was a guest in such automobile and gross negligence of the operator must be established to fix liability under the Texas Guest Statute, Art. 6701b, Vernon's Annotated Texas Civil Statutes.

The issue of whether James Adams was driving the automobile in issue and was guilty of gross negligence as required to establish liability under Art. 6701b, supra, is not material to a proper adjudication of the issue of venue in this cause. If it be found that James Adams was operating the automobile in which R. L. McHam, Jr. was killed, under Exception 9a, Subdivision 2, the proof of venue facts must meet the following requirement as to an act or omission occurring in the county where suit was filed:

"That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment."

The term "defendant, in person" as incorporated in Exception 9a, Subdivision 2, is clear and concise as to meaning. The record reveals without dispute that the defendant executors of the estate of Butler Adams, deceased, were guilty of no act or omission "in person" causing the death of R. L. McHam, Jr. Such record likewise reveals that the defendant community survivor of the estate of James Adams, deceased, was likewise guilty of no act or omission "in person" causing the death of R. L. McHam, Jr. Nor did an act or omission of any servant, agent or representative acting within the scope of his employment for any of the defendants cause the death of R. L. McHam, Jr. Therefore, venue of the cause must be transferred to Crosby County where defendants reside and are administering the respective estates of Butler Adams, deceased, and James Adams, deceased. Art. 1995, Exception 9a, Vernon's Texas Civil Statutes; Treme v. Stender, Tex.Civ.App., 245 S.W.2d 315.

Appellees urge that Art. 3669, 5525 and 4676, Vernon's Texas Civil Statutes relative to prosecution of a cause of action as against a person deceased should be considered on the issue of venue in this cause. Venue in this cause, or any cause of action, must be determined under the applicable exception to Art. 1995 and the respective exceptions are not to be construed in conjunction with other articles of the revised statutes in order to fix venue. The case must be clearly within an exception to defeat venue in the county of de-

fendant's residence. Compton v. Elliott, Tex.Com.App., 88 S.W.2d 91; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619.

■ Appellees also assert that Quinn v. Home Owners' Loan Corporation, Tex. Civ.App., 125 S.W.2d 1063, construing the language of Exception 5 as to venue, should be considered as to principle in determining venue in this cause under Exception 9a. The above case and like authorities are concerned solely with venue under Exception 5 as to a suit involving a defendant who has contracted in writing to perform an obligation in a particular county. After such person so contracting is deceased, the suit is usually one to establish a money demand against the estate of the deceased. Where a deceased person has contracted in writing to perform an obligation in a certain county, the demand against his estate thereunder may be brought in the county where the deceased contracted to perform the obligation as a matter of contract. But this principle of law cannot influence venue in the present cause of action since neither of the two deceased persons contracted to perform an obligation in Dickens County. Also, at this point in the litigation of the tort claim of appellees, no money demand now exists as against the estate of the deceased parties but must be established by the suit. Under Exception 5 as dealt with in the cases cited to this Court by appellees, liability is usually established by the written contract itself as well as venue of the cause. The legal principle as to venue being established by the written contract of a deceased person sheds no light on the issue of venue as to a tort claim against the executors of a deceased person's estate.

The proof in the cause wholly fails to establish that any of the defendants, in person, were guilty of any act or omission in Dickens County that caused the death of R. L. McHam, Jr. Nor is there any proof in the record that a servant, agent or representative acting within the scope of his employment with any of the defendants in this cause was guilty of any act or omission

causing the death of R. L. McHam, Jr. Appellants' point one is accordingly sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to transfer the case to Crosby County, Texas, the county of residence of the defendants.

■ The attorneys for appellees in the cause requested the Clerk of this Court to insert in the list of authorities cited by appellees, the following case: Loessin & Herndon, Inc., v. Coffield Lumber Company, Inc., Tex.Civ.App., 280 S.W.2d 796. This authority was likewise furnished to the Court on presentation of oral argument and has been duly considered. However, the Clerk was unable to comply with the request of appellees' attorneys as to placing such authority in appellees' brief in that such attorneys wholly failed to place in their brief either a subject index or an index of authorities. Appellees' brief has been considered in detail by this Court but, in the future, briefs must contain a subject index as well as an index of authorities.