**J. E. HENDERSON, Administrator of the Estate of Arthur R. Henderson, Deceased, Appellant,**

v.

**Leo HOLLAND, Appellee.**

No. 10880.

Court of Civil Appeals of Texas.

Austin.

July 5, 1961.

Upton, Upton, Baker & Griffis, James D. Johnson, San Angelo, for appellant.

John J. Watts, Jas. D. Cunningham, Odessa, for appellee.

HUGHES, Justice.

This is a venue case.

Appellant is J. E. Henderson, Administrator of the Estate of Arthur R. Henderson, deceased. Appellee is Leo Holland.

Appellee has filed no brief. We will, therefore, accept as correct all statements of facts contained in appellant's brief. Rule 419, Texas Rules of Civil Procedure.

Appellee filed suit in Tom Green County against appellant in his capacity as administrator of the Estate of Arthur Henderson, deceased. The cause of action alleged by appellee was for damages for personal injuries sustained in Tom Green County, proximately caused by negligent acts or omissions of decedent, Arthur R. Henderson, appellee's employer.

Appellee's cause of action arose during the lifetime of decedent. This suit was not filed until after his death.

Appellant filed his plea of privilege to be sued in Concho County, the county of his residence.

This plea was controverted by appellee who relied solely on Subd. 9a, Art. 1995, Vernon's Ann.Civ.St., to maintain venue in Tom Green County.

Subd. 9a provides, in substance, that a suit based on any form of negligence may be brought in the county where the act or omission of negligence occurred, and whether such act or omission was the act of the

defendant or of his agent acting within the scope of his employment.

On the hearing there was no evidence that appellant, or his agent, was negligent in any manner anywhere. There was evidence introduced attempting to show that decedent was negligent during his lifetime, as alleged.

The Amarillo Court of Civil Appeals in Adams v. McHam, 289 S.W.2d 319 (Subd. 9a) and the Eastland Court of Civil Appeals in Treme v. Stender, 245 S.W.2d 315 (Subd. 9) both hold, under identical facts, that venue is not controlled by the county in which the negligence of the decedent occurred.

The Trial Court, under these authorities, should have sustained appellant's plea of privilege. Accordingly, we reverse the order appealed from and remand this cause with directions to transfer it to the District Court of Concho County.

Reversed and remanded with instructions.