MOBILE COUNTY MUTUAL INSURANCE
COMPANY, Appellant,

v.

Rogelio MALDONADO, Individually and as
next friend of Roberto J. Maldonado
et al., Appellees.

No. 15267.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 27, 1973.

Ronald B. Brin, Allison, Maddin, White & Brin, Corpus Christi, for appellant.

Oscar J. Pena, Laredo, for appellees.

CADENA, Justice.

This is an appeal from an order over-ruling the plea of privilege of appellant, Mobile County Mutual Insurance Company, one of two defendants below.

The suit arose out of a collision between an automobile and a motorcycle in Laredo, Webb County. The automobile was being operated by the other defendant in the case, Vicente Herrera, a resident of Webb County. Plaintiff, Rogelio Maldonado, sued, individually and as next friend of his minor son, Roberto J. Maldonado, to recover for personal injuries suffered by such minor, the operator of the motorcycle, as a result of the collision. Plaintiff, Reynaldo Rodriguez, a minor who sues by his father and next friend, Rafael Rodriguez, Jr., was a passenger on such motorcycle and seeks to recover for injuries suffered by him in the collision. Plaintiff, Juan Maldonado, the owner of the motorcycle, seeks to recover for damages to the vehicle. All plaintiffs reside in Webb County.

Appellant, Mobile County Mutual Insurance Company, is a corporation having its principal office in Dallas County. Appellant had issued to plaintiff, Juan Maldonado, an insurance policy on such motorcycle, and it is undisputed that such policy contained the standard "uninsured motorist" clause which is the basis of plaintiffs' cause of action against appellant, since it is undisputed that the other defendant, Vi-

cente Herrera, was uninsured. It is also undisputed that appellant maintains an agent in Webb County.

Plaintiffs' petition, which was properly made a part of their affidavit controverting appellant's plea of privilege, alleged that, immediately prior to the accident the motorcycle, operated by Roberto Maldonado, was proceeding in a southerly direction on Main Street, a paved street in Laredo, while the automobile driven by defendant, Vicente Herrera, was proceeding in an easterly direction on Callaghan Street, an unpaved road. According to the petition, Herrera failed to yield the right of way to the vehicle on the paved road and entered the intersection of Main and Callaghan at approximately the same time as did the motorcycle, causing the collision. Plaintiffs also alleged that Herrera was negligent in failing to keep a proper lookout and in entering the intersection at a time when it was not safe to do so.

Plaintiffs' controverting affidavit asserted that the suit against appellant was properly filed in Webb County under subdivisions 4, 5, 9a, 23, 28a and 29a of our venue statute, Article 1995, Vernon's Tex.Rev. Civ.Stat.Ann. (1964).

In their brief, plaintiffs make no effort to establish venue in Webb County under subdivision 28a. That subdivision is applicable only where defendant is a "Fraternal Benefit" society or a "Statewide Mutual Assessment" company. There is no evidence that defendant falls into either category and, therefore, subdivision 28a is clearly inapplicable.

■ Subdivision 5 is also inapplicable, and plaintiffs make no effort in this Court

to sustain venue in Webb County under that exception, since there is no evidence that appellant " . . . contracted in writing to perform an obligation . . ." in Webb County.

■ In order to maintain venue against appellant in Webb County under subdivision 9a,[1] it was incumbent on plaintiffs to plead and prove that appellant, or one of its servants, agents or employees, was guilty of negligence in Webb County which proximately caused plaintiffs' injuries. The only negligence alleged in the petition and controverting plea concerns the conduct of Vicente Herrera. There is no allegation or evidence that appellant was guilty of negligence, nor is there any allegation or evidence that Herrera was the agent, servant or employee of appellant. Subdivision 9a is inapplicable. Adams v. McHam, 289 S.W.2d 319 (Tex.Civ.App.— Amarillo 1956, no writ).

■ Insofar as here relevant, subdivision 4 provides that if two or more defendants reside in different counties, " . . . suit may be brought in any county where one of the defendants resides." As already noted, one of the defendants in this case, Herrera, is a resident of Webb County. However, it is now settled that a plaintiff who relies on subdivision 4 must plead and prove a bona fide claim against the resident defendant. 1 McDonald, Texas Civil Practice, Venue, § 4.10.2, pp. 434, 441–44 (1965 rev.).

■ While plaintiffs alleged a cause of action against the resident defendant, Herrera, they failed to produce any evidence which would support the conclusion that Herrera was negligent and that such negli-

---

1. Subdivision 9a provides: "A suit based upon . . . any form of negligence . . . may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where the suit was filed.
"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.
"3. That such negligence was a proximate cause of plaintiff's injuries."

gence was a proximate cause of plaintiff's injuries. The evidence, perhaps, is sufficient to permit the inference that the motorcycle was approaching the intersection of Main and Callaghan on Main Street, a paved road, while defendant was approaching the intersection on Callaghan Street, which is unpaved. Under these circumstances, the duty was on Herrera, who was traveling on the unpaved road, to " . . . stop, yield and grant the privilege of immediate use of such intersection to any vehicle on such paved roadway which is within the intersection or approaching such intersection in such proximity thereto as to constitute a hazard . . . ." Article 6701d, § 71(c), Vernon's Tex.Rev.Civ.Stat. Ann. (Supp.1974). However, there is no testimony as to the manner in which the collision occurred. There is no evidence that at the time Herrera approached the intersection the motorcycle was in the intersection or "approaching such intersection in such proximity thereto as to constitute a hazard." The record is silent as to the point of collision.

In brief, the evidence merely shows that the collision occurred. In the absence of evidence as to the speed of the vehicles, lookout, visibility, brake application, distances from the intersection or any other physical facts from which negligence might be inferred, there is no evidence to support the conclusion that Herrera was negligent or that his negligence, if any, was a proximate cause of the collision. Cf. Arnett v. Thomas, 386 S.W.2d 815 (Tex.Civ.App.—Fort Worth 1965, no writ).

■ Since plaintiffs failed to establish the existence of a cause of action against the resident defendant, Herrera, they failed to meet their burden under subdivision 4, and venue cannot be sustained as against appellant in Webb County under that exception.

■ To maintain venue in Webb County under subdivision 23,[2] it was incumbent on plaintiffs to establish, by a preponderance of the evidence, all of the elements of a cause of action against appellant, and of showing that such cause of action, or a part thereof, arose in Webb County. 1 McDonald, Texas Civil Practice, Venue, § 4.-30.2–(II) (1965 rev.). Plaintiffs were required to establish not only the existence of the contract of insurance containing the uninsured motorist clause, but also a breach of such contract by appellant. In order to establish such breach, plaintiffs must establish that they are legally entitled to recover against the uninsured motorist, Herrera. This required proof that Herrera was negligent and that such negligence was a proximate cause of the collision. Hightower v. Members Mutual Ins. Co., 494 S.W.2d 285 (Tex.Civ.App.—Waco 1973, no writ).

As pointed out in connection with the discussion of subdivision 4, plaintiffs presented no evidence that Herrera was guilty of negligence which proximately caused the collision. Since there is no evidence showing that plaintiffs are legally entitled to recover against the uninsured motorist, they failed to prove a breach of the insurance contract by appellant and cannot seek the protection of subdivision 23.

■ Subdivision 29a authorizes a plaintiff who sues two or more defendants in a county where venue is proper as to one defendant " . . . under the provisions of Article 1995 . . . " to maintain venue in such county as to all necessary parties to such cause of action. However, plaintiffs cannot avail themselves of this exception, since it is settled that subdivision 29a is applicable only where suit is brought in a county in which no defendant resides. Tarrant v. Walker, 140 Tex. 249, 166 S.

2. The pertinent portions of subdivision 23 are as follows: "Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county . . . ."

W.2d 900, 901 (1943). That is, subdivision 29a applies only when no defendant resides in the county of suit and authorizes the action to be brought in such county against all necessary parties provided venue as to one or more of such necessary parties is proper under some *exception* embodied in Article 1995. General Motors Corp. v. Brady, 477 S.W.2d 385, 391 (Tex.Civ.App. —Tyler 1972, no writ); 1 McDonald, Texas Civil Practice, Venue, §§ 4.10.1, 4.36 (1965 rev.).

 Since it is undisputed in this case that Herrera is a resident of Webb County, plaintiffs' reliance on subdivision 29a is misplaced.

We conclude that plaintiffs failed to establish any exception to the rule of exclusive venue in appellant's domiciliary county. It follows that the trial court erred in overruling appellant's plea of privilege.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to sever plaintiffs' claim against appellant, Mobile County Mutual Insurance Company, from the remainder of the cause, and to transfer that portion of the cause to Dallas County, Texas.