## BEACON NATIONAL INSURANCE COMPANY, Appellant,

v.

## Jeffa Nell FENWICK, Appellee.

No. 5062.

Court of Civil Appeals of Texas, Eastland.

Oct. 20, 1977.

Rehearing Denied Nov. 10, 1977.

Joe E. Shaddock, Wichita Falls, for appellant.

Nelson Quinn, Abilene, for appellee.

RALEIGH BROWN, Justice.

This is a venue case. Jeffa Nell Fenwick sued Beacon National Insurance Company in Taylor County seeking recovery for injuries allegedly received as a result of an accident which occurred in Knox County, Texas. Fenwick's suit was based on the uninsured motorist provisions, and particularly the hit-and-run provisions, of an insurance policy issued by Beacon to Fenwick. The plea of privilege to be sued in Wichita County filed by Beacon was overruled after Fenwick controverted the plea and sought to retain venue in Taylor County under Subdivision 23 of Article 1995, V.A.C.S. Beacon appeals. We reverse and render.

In her petition, Fenwick alleged that from a side road an unidentified automobile suddenly pulled into the path of her vehicle. She overturned her vehicle in avoiding a collision with the unidentified automobile. The alleged hit-and-run driver drove away before being identified. Fenwick agreed she avoided any physical contact with the unidentified automobile.

To maintain venue in Taylor County under Subdivision 23, Fenwick had to establish not only her residence in Taylor County but also a cause of action by proving at least a right and a breach by Beacon of a corresponding duty. It was necessary for Fenwick to prove among other things that the unidentified vehicle was an uninsured automobile within the meaning of the insurance policy. *Employers Casualty Company v. Clark*, 491 S.W.2d 661 (Tex.1973); *Mobile County Mutual Insurance Company v. Maldonado*, 506 S.W.2d 639 (Tex.Civ.App. —San Antonio 1973, no writ).

We hold Fenwick failed to satisfy this requirement. The insurance policy provides that an " 'uninsured motor vehicle' includes a trailer of any type and means:

.    .    .    .    .

(b) a hit-and-run automobile;

. . . . .

'hit-and-run automobile' means an automobile which causes bodily injury to an insured *arising out of physical contact of such automobile with the insured* or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile'; (b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (c) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident." (Emphasis ours)

The court in *Phelps v. Twin City Fire Insurance Company*, 476 S.W.2d 419 (Tex. Civ.App.—Beaumont 1972, writ ref. n.r.e.) considering a like provision said:

"The hit and run sections of this policy were approved by the State Board of Insurance (Texas Standard Provisions for Automobile Policy 1966). We are unable to say that these contravene public policy. In fact, this is an extension of the uninsured motorist protection and allows one to prevail when it is impossible to prove whether a hit and run automobile is or is not insured.

Since plaintiff brought this claim under this section of the policy, it was her burden to bring herself under its protection, including the requirement of physical contact between the two vehicles . . ."

By her admission, Fenwick failed to discharge her burden of bringing herself under the protection of the policy. She, therefore, failed to prove the venue facts. We disagree with Fenwick that "indirect contact" satisfies this requirement.

The judgment of the trial court is reversed and rendered that the cause be transferred to Wichita County.