James YOUNG, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellee.

No. 08–85–00238–CV.

Court of Appeals of Texas,
El Paso.

Feb. 5, 1986.

Rehearing Denied Feb. 26, 1986.

Al Melendez, El Paso, for appellant.

Randolph H. Grambling, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is an uninsured motorist case involving an accident where there was no physical contact between the insured Appellant and a hit-and-run driver. Appellee, defendant below, was granted a summary judgment denying the insured recovery under the uninsured motorist provision in his policy. We affirm.

It is uncontroverted that there was no physical contact between Appellant's car and that of the hit-and-run driver. The contract of insurance issued consistent with Texas Insurance Code, art. 5.06–1 (Vernon 1981), provides that physical contact between the insured and the hit-and-run driver must be shown before the insured can recover.

Appellant's position is that both the insurance contract and Article 5.06–1 (Vernon 1981), are so against public policy as to be unconstitutional.

Section 5.06–1(2)(d) provides in part:

The forms promulgated under the authority of this section shall require that in order for the insured to recover under the uninsured motorist coverages where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured.

Section 5.06–1(7) provides:

If a dispute exists as to whether a motor vehicle is uninsured, the burden of proof as to that issue shall be upon the insurer.

The public policy/unconstitutional argument raised by Appellant has been previously determined. In *Phelps v. Twin City Insurance Company,* 476 S.W.2d 419 (Tex. Civ.App.—Beaumont 1972, writ ref'd n.r. e.), the court stated at 421:

The hit and run sections of this policy were approved by the State Board of Insurance.... We are unable to say these contravene public policy. In fact, this is an extension of the uninsured motorist protection and allows one to prevail when it is impossible to prove whether a hit and run automobile is or is not insured.

In this regard *see also: Beacon National Insurance Company v. Fenwick,* 557 S.W.2d 379 (Tex.Civ.App.—Eastland 1977, writ dism'd). We overrule Points of Error Nos. One through Three.

The judgment is affirmed.