GRIES SPORTS ENTERPRISES, INC. ET AL., APPELLANTS, *v.* MODELL, APPELLEE.

[Cite as Gries Sports Enterprises, Inc. *v.* Modell (1984), 15 Ohio St. 3d 284.]

(No. 84-130—Decided December 31, 1984.)

*Messrs. Ulmer, Berne, Laronge, Glickman & Curtis* and *Mr. Marvin I. Karp,* for appellants.

*Messrs. Jones, Day, Reavis & Pogue, Mr. Patrick F. McCartan, Mr. Robert C. Weber* and *Mr. Matthew T. Fitzsimmons,* for appellee.

WISE, J. Gries argue that Ohio law should apply since the 1965 agreement and 1971 amendment were negotiated in Ohio, executed in Ohio, between Ohio parties, to be performed in Ohio, and an Ohio court is being requested to enforce the agreement. Gries maintain that the general rule is that the law of the place of performance controls the agreement and that Ohio, not Delaware, bears the most significant relationship to this agreement.

Modell argues that Delaware law applies. Were Delaware law to apply the agreement between Gries and Modell would have terminated, at the latest, in 1981 (ten years from the execution of the 1971 amendment), and cannot, therefore, be specifically performed. Modell's position is that matters affecting the internal affairs of the corporation should be controlled by the law of the state of incorporation. Modell also maintains that application of the law of the incorporating state promotes uniformity and predictability in corporate affairs, particularly in agreements among shareholders.

The issue before this court is whether or not the court of appeals was correct in applying Delaware law, rather than Ohio law, to the instant agreement between Gries and Modell.

The court of appeals stated that "[a]pplying the law of the state of incorporation results in uniform treatment of these directors, officers and shareholders when the corporation becomes involved in business in more than one state. See *Reese & Kaufman, The Law Governing Corporate Affairs: Choice of Law and the Impact of Full Faith and Credit,* 58 Colum. L. Rev. 1118 (1958), 1124-1126."

The court of appeals further stated that even in cases where the only contact with the incorporating state is the "naked fact of incorporation" (Reese & Kaufman, *supra,* refer to such a corporation as "tramp" or "pseudo-foreign" corporations), "the law of the incorporating state has been followed in the absence of an explicitly applicable local statute." In discussing this rule Reese & Kaufman state at 1126:

"This being the rule, what of its desirability? As has already been indicated, we do not here deal with 'tramp' or 'pseudo-foreign' corporations, and therefore no opinion is expressed as to whether the rule should be applied to them."

In *Schulke Radio Productions, Ltd.* v. *Midwestern Broadcasting Co.* (1983), 6 Ohio St. 3d 436, 438, this court stated:

"Generally, Ohio follows the rule that where a conflict of law issue arises in a case involving a contract, the law of the state where the contract is to be performed governs. * * * [Citation omitted.] Some courts have noted that the rationale for this rule is that the place of performance bears the most significant relationship to the contract."

In *Schulke, supra,* the court confronted the situation where the parties to a contract specifically designated that the law of a forum, other than the place of performance, would apply. The court looked to 1 Restatement

of the Law 2d, Conflict of Laws (1971) 561, Section 187, to resolve the question.

The court of appeals in holding that Delaware law applied stated that other states uniformly have ruled that the law of the state of incorporation governs the validity of voting agreements and cited 2 Restatement of the Law 2d, Conflict of Laws (1971) 306, Section 302.

Even though the instant agreement is not a voting trust, it is analogous to Section 305 of 2 Restatement of the Law 2d, Conflict of Laws, at 234, which provides:

"The local law of the state incorporation will be applied to determine whether shares in voting trust may be voted by the trustees, except in the unusual case where, with respect to the particular issue, some other state has a more significant relationship under the principles stated in Section 6 to the shareholders and the corporation, in which even the local law of the other state will be applied."

While Section 305 seems to favor applying the law of the state of incorporation, the principles stated in Comment *b* thereto at 325 refer back to Sections 187 and 188 of 1 Restatement of the Law 2d, Conflict of Laws, to determine the validity of the type of agreement in the case at bar. In *Schulke, supra,* this court adopted Section 187 to control the situation where the parties have chosen the law to apply to their contract.

Section 188 deals with the situation which is presented herein where the parties have not designated a choice of applicable law. That section states in part at 575:

"(2) In the absence of an effective choice of law by the parties (see Section 187), the contacts to be taken into account in applying the principles of Section 6 to determine the law applicable to an issue include:

"(a) the place of contracting,

"(b) the place of negotiations of the contract,

"(c) the place of performance,

"(d) the location of the subject matter of the contract, and

"(e) the domicile, residence, nationality, place of incorporation and place of business of the parties. * * *"

In the case at bar, the place of contracting was Ohio, the place of negotiation was Ohio, the place of performance was Ohio, the location of subject matter of contract was Ohio, the place of incorporation was Delaware, and the place of business of the parties was Ohio. The conclusion is inescapable that Ohio "bears the most significant relationship to the contract." *Schulke, supra,* at 438.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN and HOLMES, JJ., dissent.

WISE, J., of the Fifth Appellate District, sitting for LOCHER, J.

HOLMES, J., dissenting. The majority herein incorrectly perceives this matter as one in contract and, therefore, its reliance on our prior pronouncement in *Schulke Radio Productions, Ltd.* v. *Midwestern Broadcasting Co.* (1983), 6 Ohio St. 3d 436, is misplaced. Accordingly, I must dissent.

In *Schulke, supra,* this court was confronted with a purchasing agreement executed by two foreign corporations. The entities specifically designated in the contract that all matters between the parties were to be settled in accordance with New York law. We upheld their designation pursuant to the standard concerning contractual agreements set forth in Section 187 of 1 Restatement of the Law 2d, Conflict of Laws (1971) 561.

In the present case, however, the appellate court correctly determined that this issue is one of corporate law, not contract law. It then proceeded to analyze the case according to Section 302(2) of 2 Restatement of the Law 2d, Conflict of Laws (1971) 306, which deals with the rights and liabilities of a corporation. This section provides:

"The local law of the state of incorporation will be applied to determine such issues, except in the unusual case where, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties, in which event the local law of the other state will be applied."

In my view, with respect to the issues presented herein, Ohio does not have a more significant relationship than Delaware to the occurrence and the parties. The application of the law of the state of incorporation is clearly supported by the need of certainty, predictability and uniformity of result, as well as the protection of the justified expectations of the parties involved. A business incorporated under Delaware law should be able to expect Delaware statutory provisions to control entirely intracorporate matters. However, with the precedent set by the majority today, this expectation seemingly would no longer pertain.

Therefore, I would affirm the judgment of the appellate court which applied Delaware law to the facts presented.

W. BROWN, J., concurs in the foregoing dissenting opinion.