ARKCO ASSOCIATES, INC. *v.* HEALTH ENTERPRISES OF AMERICA, INC., APPELLANT; CLEMANS, NELSON & ASSOCIATES, INC., APPELLEE.

(No. 85AP-246—Decided September 26, 1985.)

*Squire, Sanders & Dempsey* and *John R. Gall*, for Arkco Associates, Inc.

*Benesch, Friedlander, Coplan & Aronoff, Edward Kancler* and *Steven J. Miller; Price, Berry & Shoemaker* and *John F. Berry*, for appellant.

*Jones, Day, Reavis & Pogue, John W. Zeiger* and *Todd S. Swatsler*, for appellee.

McCORMAC, J. This case is on appeal from a grant of summary judgment in favor of defendant-appellee, Clemans, Nelson & Associates, Inc. ("Clemans, Nelson"), on its cross-claim against defendant-appellant, Health Enterprises of America, Inc. ("Health Enterprises"). Plaintiff, Arkco Associates, Inc. ("Arkco"), initiated a lawsuit against Health Enterprises, Stonebrook, Inc., and Clemans, Nelson to recover a finder's fee based on Health Enterprises' acquiring several nursing homes as a result of information given by Arkco to Clemans, Nelson which related the information to Health Enterprises. Clemans, Nelson cross-claimed against Health Enterprises for a finder's fee based on the parties' agreement.

Health Enterprises appeals from the award of summary judgment on the cross-claim and asserts one assignment of error:

"The trial court erred in granting summary judgment in favor of Clemans, Nelson against Health Enterprises."

Civ. R. 56(C) states:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"

Before summary judgment is proper, there must be no genuine issue of material fact and the moving party must be entitled to judgment as a matter of law. Our duty as a reviewing court is to examine the record in the light most favorable to the party opposing the motion. *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64 [8 O.O.3d 73]. In support of its assignment of error, Health Enterprises argues that there was no genuine issue of material fact in that Clemans, Nelson fraudulently induced Health Enterprises to enter the agreement and, second, that it failed to substantially perform as required by the contract.

* * *

Turning to appellee's second factual argument, whether Clemans, Nelson was the procuring cause is irrelevant, as procuring cause was not the standard of performance espoused between the parties. The standard under the contract was whether the professional efforts of Clemans, Nelson resulted in the purchase or lease of a nursing home. Professional efforts required under the con-

tract were to locate nursing homes and to advertise for sellers through Clemans, Nelson's contacts, schedule facility tours and prepare a narrative of the business, if necessary. Because Clemans, the president of Clemans, Nelson & Associates, Inc., was a lobbyist in the health care industry, the consideration for Health Enterprises to pay a fee for this information was based on the fact that he possessed contacts and could acquire information concerning nursing homes available for sale or lease. There is no dispute in the facts that Clemans, through his contacts, did locate the nursing homes which Health Enterprises later acquired. Clemans also traveled with Health Enterprises to view the nursing homes. Because the information was given to Health Enterprises by Clemans, Nelson and because its efforts did bring the parties together and result in the acquisitions, there is no dispute that Clemans, Nelson performed as required by the contract. In summary, the material facts for which there was not any genuine dispute are: that the parties had an agreement; that Clemans, Nelson performed under the agreement; that Health Enterprises acquired nursing homes; and that Health Enterprises did not pay the applicable fee to Clemans, Nelson. There was no dispute on any of these material facts, and summary judgment was proper. Construing the facts most favorably to Health Enterprises, it was not error for the trial court to grant summary judgment.

Appellant secondly argues that Clemans, Nelson was not entitled to judgment as a matter of law. Basically, Health Enterprises claims that services performed by Clemans, Nelson were in the nature of a real estate transaction and subject to licensing laws under R.C. Chapter 4735, or, in the alternative, that Clemans, Nelson was dealing in foreign real estate and subject to licensing under the securities law, *e.g.,* R.C. 1707.33 (now repealed).

It is true that if Clemans, Nelson was required to possess a real estate license for the transaction involved, it could not maintain a suit for collection of compensation since Clemans, Nelson admittedly does not possess a real estate license. R.C. 4735.21. However, we agree with the trial court's conclusion that Clemans, Nelson, or Clemans, was not required to be a salesman or broker licensed to sell real estate in Ohio. It is clear that the motivation for Health Enterprises to enter an agreement with Clemans, Nelson was that Clemans had contacts in the health care industry. Health Enterprises was seeking Clemans, Nelson's knowledge in the health care industry in order to acquire specifically nursing home facilities. The service contemplated and, in fact, provided was the sale of knowledge and information gained by Clemans, Nelson about available nursing homes. Clemans, Nelson has cited *State* v. *Rentex, Inc.* (1977), 51 Ohio App. 2d 57 [5 O.O.3d 173], for the proposition that the definition of real estate broker or salesman does not include an activity which consists of merely selling information. In *Rentex,* the appellants therein were engaged in the business of selling lists of prospective rental properties with accompanying information about the property, such as the rent, location, furnishings, etc. Health Enterprises asserts that *Rentex* is no longer viable, as R.C. 4735.01(A)(10) was thereafter enacted (see 137 Ohio Laws, Part I, 1744, 1745) to make the sale of rental information unlawful. R.C. 4735.01(A) states in part:

"(A) 'Real estate broker' includes any person, partnership, association, or corporation, foreign or domestic, who for another, whether pursuant to a power of attorney or otherwise, and who for a fee, commission, or other valuable consideration, or with the intention, or in the expectation, or upon the promise

of receiving or collecting a fee, commission, or other valuable consideration:

"* * *

"(10) Collects rental information for purposes of referring prospective tenants to rental units or locations of such units and charges the prospective tenants a fee."

Appellant argues that R.C. 4735.01 (A)(10) makes illegal the activities previously found to be legal in *Rentex*, which also applies to the activities of Clemans, Nelson. However, in the case at bar, the information which was being sold was not rental information under R.C. 4735.01(A)(10), nor is it similar to the information provided by *Rentex*. R.C. 4735.01(A)(10) contemplates a systematic collection of information about residential property rentals to tenants for a fee, an activity in which real estate brokers customarily engage. Neither R.C. 4735.01(A)(10) nor any other part of that statute restricts the delivery of information concerning the location and availability of commercial business opportunities. The amendment of R.C. 4735.01 in 1977 following *Rentex*, to prohibit certain activities held legal in *Rentex*, supports the contention that other activities not specifically barred may be conducted by an unlicensed person. Neither R.C. 4735.01(A)(10) nor any other provision of R.C. 4735.01 prohibits the sale of information contracted for herein. There is no dispute but that Clemans, Nelson stopped short of negotiating a sale or participating in the closing of the acquisition.

Appellant cites *DeMetre* v. *Savas* (1953), 93 Ohio App. 367 [51 O.O. 155], as additional support. *DeMetre* is distinguishable, however, because in that case the sale of a restaurant business was solely conditional upon the transfer and assignment of a leasehold interest in the real property. Here, the agreement involved compensation for the sale of information that nursing homes were available if the recipient of the information ultimately acquired the subject property. The nexus between the object of the agreement and real property is considerably less than in *DeMetre* and does not trigger application of the real estate licensing laws.

Moreover, R.C. 4735.01(B) restricts the application of Ohio activities to real estate located in Ohio. The real estate is not located in Ohio; hence, Ohio law does not bar the recovery of the contracted-for compensation. Under conflicts of law authority, Ohio law controls rather than Texas law, since the great weight of the contacts to be taken into account to determine the law applicable, as stated by the Ohio Supreme Court in *Gries Sports Enterprises, Inc.* v. *Modell* (1984), 15 Ohio St. 3d 284, favors the choice of Ohio law. Even if Texas statutes were held to be controlling, it does not appear that the conduct herein by Clemans, Nelson precluded it from recovery under Texas law. See Real Estate Dealers, Article 6573a, Section 20(a), Vernon's Tex. Ann. Civ. Stat. (Supp.).

Appellant finally argues that the Ohio securities law prohibits a recovery of any fees by Clemans, Nelson. R.C. 1707.33 (now repealed), on which appellant relies, applied to persons who sold, leased, or otherwise dealt in real estate outside Ohio. As we have previously discussed, Clemans, Nelson did not sell, lease, or otherwise deal in foreign real estate according to the record before us and did not so deal in this limited transaction. The transaction involved the sale of information that Clemans, as a lobbyist and business consultant specializing in the health care industry, possessed.

In summary, the parties' agreement is unambiguous. There are no genuine issues of fact concerning the material issues relevant to the resolution of the claim for commission under the agreement. Furthermore, applicable real estate or security license requirements

do not apply to prevent Clemans, Nelson from recovering its compensation for services rendered. Thus, the trial court did not err in granting summary judgment.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY, P.J., and COOK, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.