NATIONAL UNION FIRE INSURANCE COMPANY, Plaintiff–Appellant,

v.

Keith E. WATTS, Defendant–Appellee.

No. 91–3160.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1992.

Decided May 6, 1992.

---

James M. Lyons, Jr. (argued and briefed), Orville L. Reed, III (briefed), Buckingham, Doolittle & Burroughs, Akron, Ohio, for plaintiff-appellant.

Mark Hilkert, Maura E. Scanlon (argued), Scanlon & Gearinger Co., Akron, Ohio, for defendant-appellee.

Before: KEITH and MARTIN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

CELEBREZZE, Senior Circuit Judge.

On January 13, 1989, the plaintiff-appellant National Union Fire Insurance Company ("the insurer") filed a declaratory judgment action in the United States District Court, Northern District of Ohio, Eastern Division. The action arose from a dispute over an insurance claim by defendant-appellee Keith E. Watts, ("the truck driver"), who was injured after being forced off a Florida road by an unknown vehicle on December 2, 1986. It is undisputed that the truck driver had no physical contact with the unknown vehicle.

In its suit, the insurer asked the district court to determine: 1) which state law governs the interpretation of the insurance policy; 2) whether the insurance policy requires "physical contact" as a prerequisite to uninsured motorist coverage; and 3) whether the plaintiff had a duty to arbitrate its claim. The parties agreed to resolve their dispute via motions for summary judgment. The district court decided the conflict of laws question in favor of the truck driver, granting his motion for summary judgment while denying the motion

of the insurer. The insurer now appeals. We conclude that the district court properly awarded summary judgment to the truck driver.

The sole issue contested on appeal is whether the district court correctly held that Florida law, and not Indiana or Texas law, governs the interpretation of the insurance contract and thus properly granted summary judgment to the truck driver.

The insurer argues that the district court failed to properly apply the conflict of law rules of Ohio. The insurer contends that the law of the state in which the contract is made should govern any dispute arising from its terms. The insurer claims that the district court erroneously decided that the governing law should be that of the state where the tort occurred (Florida).

At the time of the accident, the truck driver was transporting property pursuant to a contract he had with an Indiana company, Mayflower Group, Inc. ("the corporation"). When the truck driver contracted with the corporation, he resided and conducted his business in Texas. At the time of the accident, however, while he maintained his Texas driver's license and truck registration, he had moved his residence and physical location of his truck to Florida. By the time the truck driver filed his suit, he resided in Kent, Ohio. The insurer, incorporated in Pennsylvania, provided nationwide coverage to the agents and employees of the corporation through an Indiana broker. The insurance policy contained no provisions specifying which state's laws govern disputes.

■ In a diversity action, the district court is obliged to apply the choice of law rules of the state in which it sits. *Klaxon v. Stenton Electric Mfg. Co.*, 313 U.S. 487, 491, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Boyd v. LaMaster*, 927 F.2d 237 (6th Cir. 1991); *Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818 (6th Cir.1990); *Bowman v. Koch Transfer Co.*, 862 F.2d 1257 (6th Cir.1988); *In re Bendectin Litigation*, 857 F.2d 290 (6th Cir.1988), *cert. denied* 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989). Thus the district court correctly chose to apply the Ohio choice of law rules.

■ A federal appellate court must review *de novo* a district court determination of state law. *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 1218–1221, 113 L.Ed.2d 190 (1991). The reviewing court may not defer to the interpretation of the district court. *Id.* 111 S.Ct. at 1221.

■ The determinative Ohio choice of law rules are set forth in *Nationwide Mut. Ins. Co. v. Ferrin*, 21 Ohio St.3d 43, 487 N.E.2d 568 (1986) and *Gries Sports Enterprises, Inc. v. Modell*, 15 Ohio St.3d 284, 473 N.E.2d 807 (1984), *cert. denied*, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). Ohio choice of law rules mandate that the law of the state with the more significant relationship to the contract should govern disputes arising from it. To determine which state has the more significant relationship to the contract, Ohio law has adopted the test set forth in the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188. *Macurdy v. Sikov & Love, P.A.*, 894 F.2d at 822; *Nationwide Mut. Ins. Co. v. Ferrin*, 21 Ohio St.3d 43, 487 N.E.2d at 569–70; *Gries Sports Enterprises, Inc. v. Modell*, 15 Ohio St.3d 284, 473 N.E.2d at 808.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 sets forth:

(2) In the absence of an effective choice of law by the parties, * * * the contacts to be taken into account in applying the principles of Section § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiations of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties. * * *

*Nationwide Mut. Ins. Co. v. Ferrin*, 21 Ohio St.3d 43, 487 N.E.2d at 569–570, *quoting* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 at 575; *Gries Sports Enterprises, Inc. v. Modell*, 15 Ohio St.3d 284,

473 N.E.2d at 810, *quoting* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 at 575.

The RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 factors, as noted above, are to be considered in applying the principles as set forth by RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems;

(b) the relevant policies of the forum;

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;

(d) the protection of justified expectations;

(e) the basic policies underlying the particular field of law;

(f) certainty, predictability, and uniformity of result; and

(g) ease in the determination and application of the law to be applied.

*Macurdy v. Sikov & Love, P.A.*, 894 F.2d at 821, n. 2 *quoting* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6.

In its application of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 guidelines, the insurer contends that Texas and Indiana are the states whose laws should apply because they are the two with the most significant relationship to the hauling contract entered into between the Indiana corporation and himself, at the time a Texas registered truck driver and resident. As the district court correctly noted, however, the instant dispute arises from the insurance contract and not from the hauling agreement.

The insurer also claims that the district court improperly considered RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6 principles which, it claims, were not adopted by Ohio law. The district court correctly held that RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 provides a list of factors to be considered in conjunction with the principles

enunciated in RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6. The plain language of RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188, as adopted by Ohio case law, in absence of a choice of law by the parties, requires the court to consider the RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 factors "* * * in applying the principles of [RESTATEMENT] § 6 to determine the law applicable to an issue. * * *" RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188; *Macurdy v. Sikov & Love, P.A.*, 894 F.2d at 822; *Nationwide Mut. Ins. Co. v. Ferrin*, 21 Ohio St.3d 43, 487 N.E.2d at 569–70; *Gries Sports Enterprises, Inc. v. Modell*, 15 Ohio St.3d 284, 473 N.E.2d at 808.

■ The insurance policy at issue insured the corporation's agents and employees anywhere in the United States. In applying the RESTATEMENT factors, we find Florida, as the situs of the truck driver's accident with an unknown driver, has the most significant relationship to the insurance contract because of the state's interest in ensuring its residents are reasonably compensated for injuries caused by uninsured motorists.

■ Florida law allows an injured party to recover from uninsured motorists insurance though there is no evidence of physical contact with the hit-and-run vehicle. *Lowd v. Cal Kovens Construction Corp.*, 546 So.2d 1087 (Fla.1989); *Doyle v. Faford*, 517 So.2d 778 (Fla.1988); *Brown v. Progressive Mut. Ins. Co.*, 249 So.2d 429, 430 (Fla.1979). Florida law implements a policy of protecting victims of hit-and-run drivers. *Brown v. Progressive Mut. Ins. Co.*, 249 So.2d at 430. Indiana and Texas law, however, both require the hit-and-run vehicle to physically touch the insured in order to qualify for uninsured motorist coverage. *Guzman v. Allstate Ins. Co.*, 802 S.W.2d 877, 878 (Tex.1991); *Young v. State Farm Mut. Automobile Ins. Co.*, 711 S.W.2d 262 (Tex.1986); *Allied Fidelity Ins. Co. v. Lamb*, 361 N.E.2d 174, 177 (Ind. 1977); *Ely v. State Farm Ins. Co.*, 148 Ind.App. 586, 590, 268 N.E.2d 316, 319 (Ind. 1971). These states hope to prevent fraudulent claims by requiring physical proof of

accident. *Allied Fidelity Ins. Co. v. Lamb,* 361 N.E.2d at 177; *Ely v. State Farm Ins. Co.,* 148 Ind.App. at 590, 268 N.E.2d at 319.

In its detailed opinion, the district court concluded the interest of Florida, to provide compensation for its residents injured by hit-and-run drivers, and the interest of the insured, to be compensated by the insurance policy, appear to provide the most significant relationship to the contract. Further, Florida's public policy interest in the outcome seems to outweigh the less substantive relationships of Texas and Indiana as places of business for the truck driver and corporation. In addition, the court noted in its opinion that though the insurance coverage extended to the corporation's agents and employees anywhere in the United States, the policy failed to provide that any particular state's law must be applied. The district court interpreted this omission to mean that the insurer intended its coverage to be governed by the state in which the claimant was using his vehicle. We find this is bolstered by the general Ohio choice of law rule that the law of the state where the contract will be performed should govern. *Gries Sports Enterprises, Inc. v. Modell,* 15 Ohio St.3d at 284, 473 N.E.2d at 810, *quoting Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co.,* 6 Ohio St.3d 436, 438, 453 N.E.2d 683 (1983). Thus, we conclude that Ohio choice of law rules mandate that the law of Florida governs the instant dispute.

The district court did not abuse its discretion in summarily declaring judgment for the truck driver where, as here, the analysis set forth in its opinion comports with the applicable state law and settles the controversy between the parties. *Allstate Ins. Co. v. Green,* 825 F.2d 1061, 1063 (6th Cir.1987); *Grand Trunk W.R.R. v. Consolidated Rail Corp.,* 746 F.2d 323, 325–26 (6th Cir.1984).

The judgment of the district court is hereby AFFIRMED.