[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, Frank L. Robinson and Sharon R. Robinson, appeal the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Omni Automobile Insurance Company, The Hartford Group ("Omni"), in a declaratory-judgment action. For the following reasons, we affirm the trial court's judgment.
In August 1999, Frank Robinson was a passenger in an automobile driven by Thomas Scudder. The vehicle was involved in an accident in Kentucky, and Frank Robinson was injured. Frank Robinson alleged that Scudder's negligence was the cause of the accident, and Scudder's insurer settled Frank Robinson's claim for the full limit of its policy with Scudder.
The Robinsons had a policy with Omni that included uninsured/underinsured coverage. They made a demand on Omni to pay them $75,000, a sum that represented the minimum coverage of $25,000 under Kentucky law, multiplied by three, the number of vehicles insured under the Omni policy. Omni refused to tender that sum, arguing that Ohio law governed the policy, and that, under Ohio law, the Robinsons were not entitled to "stack" the coverage.
The Robinsons filed a declaratory-judgment action, seeking a determination of Omni's liability under the policy. Both parties filed motions for summary judgment. In an entry dated September 5, 2001, the trial court granted Omni's motion for summary judgment and denied the motion filed by the Robinsons.
In a single assignment of error, the Robinsons now argue that the trial court erred in granting summary judgment in favor of Omni. Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] This court reviews the granting of summary judgment de novo.[2]
In Ohayon v. Safeco Ins. Co. of Illinois,[3] the Supreme Court of Ohio reiterated that an action by an insured against his insurer for payment of underinsured motorist benefits sounds in contract, and that the rights and duties under the contract are to be determined with reference to Section 188 of the Restatement of Law 2d, Conflict of Laws. TheOhayon court noted that there is an exception to that rule where a policy contains an ambiguous choice-of-law provision.[4] Where there is such an ambiguity, it is to be resolved in favor of the insured.[5] But theOhayon court also noted that the Csulik rule is to be applied "on a very limited basis," namely where the policy language provides for coverage of damages "which are due by law to you or a relative."[6]
In the case at bar, the policy did not contain the language held to be ambiguous in Csulik. Here, the policy provided that Omni would "pay compensatory damages which an insured is legally entitled to recover from the owner or operator of * * * an uninsured motor vehicle." This language mirrors the policy language held to be unambiguous in Ohayon.[7] And while the Robinsons cite language elsewhere in the policy that they claim to be ambiguous, there is no language that would bring the instant case within the narrowly circumscribed purview of the Csulik holding.
In the absence of any relevant ambiguity, then, we must examine the case under the terms of the Restatement of Law 2d, Conflict of Laws. Pursuant to Section 188 of the Restatement, a court is to consider the following factors in determining which state's law controls: (1) the place of contracting; (2) the place of the negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties.[8]
In the case at bar, each of the enumerated factors requires the application of Ohio law. The contract was negotiated and executed in Ohio, it was to be performed in Ohio,[9] the automobiles that were the subject of the policy were registered in Ohio, and the Robinsons were residents of Ohio.[10] Accordingly, we hold that the trial court was correct in applying Ohio law.
The Robinsons' final argument relates to Linko v. Indemnity Ins. Co. ofNorth America.[11] In Linko, the Ohio Supreme Court explained the provisions of R.C. 3937.18, which requires an insurance company to offer uninsured/underinsured coverage.[12] The Linko decision related to the validity of an insured's rejection of such coverage and thus has no application to the case at bar,[13] in which the Robinsons had accepted coverage. We therefore find no merit in the Robinsons' argument concerning Linko. The assignment of error is overruled, and the judgment of the common pleas court is affirmed.
Hildebrandt, P.J., Gorman and Winkler, JJ..
[1] State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189.
[2] Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129, 572 N.E.2d 198.
[3] (2001), 91 Ohio St.3d 474, 747 N.E.2d 206, paragraphs one and two of the syllabus.
[4] Id. at 483, 747 N.E.2d 206, citing Csulik v. Nationwide Mut.Ins. Co. (2000), 88 Ohio St.3d 17, 723 N.E.2d 90.
[5] Id.
[6] Id. (emphasis in the original).
[7] Id. at 484, 747 N.E.2d 206.
[8] Gries Sports Enterprises, Inc. v. Modell (1984), 15 Ohio St.3d 284,473 N.E.2d 807, syllabus.
[9] The Robinsons suggest that the place of performance would be the site of the accident. We disagree. The premiums were paid from Ohio, and the funds that the Robinsons sought from Omni would be sent to an Ohio address. Thus, Kentucky would not be the place of performance.
[10] Omni is a Georgia-based company licensed to do business in Ohio. Neither the Robinsons nor Omni argues that Georgia law should control.
[11] (2000), 90 Ohio St.3d 445, 739 N.E.2d 338.
[12] Id. at 448-449, 739 N.E.2d 338.
[13] Id. at 449, 739 N.E.2d 338.