OPINION
{¶ 1} On March 24, 2000, appellant, Steven Endicott, was operating his bicycle when he was struck by a negligent motorist. Appellant sustained serious injuries.
 {¶ 2} At the time of the accident, appellant was employed with Armstrong Air Conditioning, Inc., a wholly owned subsidiary of Lennox International, Inc., insured under a business auto policy issued by appellee, Kemper Insurance dba/aka American Motorist Insurance Company (hereinafter "AMICO").
 {¶ 3} On April 2, 2001, appellant filed a complaint against AMICO seeking underinsured motorists benefits.[1] Both parties filed motions for summary judgment. By judgment entry filed January 28, 2003, the trial court found in favor of AMICO.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The Trial Court Erred In Denying The Plaintiff Summary Judgment And Granting The Defendant Summary Judgment And Finding That Ohio Law Does Not Apply To Determine The Rights Of The Parties Under The Amico Policy."
 II {¶ 6} "The Trial Court Erred In Denying The Plaintiff Summary Judgment And Granting The Defendant Summary Judgment And Finding That The Amico Policy Did Not Provide Under-insured Motorist Coverage."
 III {¶ 7} "The Trial Court Erred In Denying The Plaintiff Summary Judgment And Granting The Defendant Summary Judgment And Finding That The Employer Was A Self-insured."
 IV {¶ 8} "The Trial Court Erred In Denying The Plaintiff Summary Judgment And Granting The Defendant Summary Judgment And Finding That The Employer Validly Rejected Uninsured/under-insured Motorist Coverage."
 V {¶ 9} "The Trial Court Erred In Denying The Plaintiff Summary Judgment And Granting The Defendant Summary Judgment And Failing To Find That The Insured And Amico Voluntarily Contracted To Provide Underinsured Motorist Coverage."
 VI {¶ 10} "The Trial Court Erred In Denying The Plaintiff Summary Judgment And Granting The Defendant Summary Judgment And Finding That The Amico Policy Did Not Satisfy The Requirements Of Rc 3937.14 As To Specifically Identifying The Vehicles Subject To Uninsured/underinsured Motorist Coverage."
 I {¶ 11} Appellant claims the trial court erred in determining Texas law controlled the subject policy. We agree.
 {¶ 12} In Ohayon v. Safeco Ins. Co. of Illinois,91 Ohio St.3d 474, 477, 2001-Ohio-100, the Supreme Court of Ohio held the following:
 {¶ 13} "To resolve the choice-of-law issue, the Gries [SportsEnt., Inc. v. Modell (1984), 15 Ohio St.3d 284] court examined the factors in Section 188 of the Restatement. Section 188 provides that, in the absence of an effective choice of law by the parties, their rights and duties under the contract are determined by the law of the state that, with respect to that issue, has `the most significant relationship to the transaction and the parties.' Restatement at 575, Section 188(1). To assist in making this determination, Section 188(2)(a) through (d) more specifically provides that courts should consider the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties."
 {¶ 14} In its judgment entry filed January 28, 2003, the trial court specifically found under Ohayon that Ohio law did not control based upon the following undisputed facts:
 {¶ 15} "Applying the above factors to the present case, results in a determination that Texas law governs AMICO's policy. For instance: 1) the place of contracting was Texas; 2) the place of negotiation of the contract was Texas; 3) the place of performance was nearly every state in the Union, as Lennox was a national corporation; 4) the principal location of the subject matter of the contract was not Ohio, as Lennox owned in excess of 5,000 vehicles in the United States on March 24, 2000, which were insured under the BAP, approximately 25 of those autos were registered or principally garaged in Ohio while many more were registered or principally garaged in other individual states, including Texas; and 5) the principal place of business of the parties was Texas (Lennox) and Long Grove, Illinois (AMICO)."
 {¶ 16} Appellant argues R.C. 3937.18 applies to all vehicles registered and principally garaged in Ohio. In support, appellant cites the case of Henderson v. Lincoln National Specialty Insurance Co.
(1994), 68 Ohio St.3d 303, wherein the Supreme Court of Ohio answered the following question in the affirmative:
 {¶ 17} "Does Ohio Revised Code § 3937.18 apply to an automobile liability or motor vehicle liability policy of insurance covering vehicles registered and principally garaged in Ohio, when said policy was not delivered, or issued for delivery in Ohio by the insurer?"
 {¶ 18} We conclude this decision mandates that uninsured/underinsured motorists coverage be offered on any vehicle garaged in Ohio, but does not answer the question as to whether the rationale of Scott-Pontzer v. Liberty Mutual Fire Insurance Co.,85 Ohio St.3d 660, 1999-Ohio-292, applies to these vehicles.
 {¶ 19} In Moore v. Kemper Insurance Co., Delaware App. No. 02CAE04018, 2002-Ohio-5930, this court addressed the choice of law issue employing the Ohayon standard. We affirmed the trial court's decision finding the Ohayon factors present in the case favored Ohio law. The trial court sub judice reviewed almost the same fact scenario and found the Ohayon factors did not favor Ohio law.
 {¶ 20} We find the approach of the trial court in Moore to be more consistent with the Ohayon reasoning and therefore find the trial court sub judice erred in determining Texas law applied.
 {¶ 21} Assignment of Error I is granted.
 II {¶ 22} Appellant claims the trial court erred in finding the policy did not provide underinsured motorists coverage. We disagree.
 {¶ 23} The primary question is whether appellant is an "insured" under the policy. Appellant argues he is pursuant to Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292. It is undisputed that at the time of the accident, appellant was an employee of Armstrong Air Conditioning, Inc. and was operating a bicycle.
 {¶ 24} We note uninsured/underinsured motorist coverage arises by operation of law as the purported rejection fails to meet the requirements of Linko v. Indemnity Ins. Co. of N. Am., 90 Ohio St.3d 445,2000-Ohio-92. Therefore, we look to the liability portion of the policy. See, Szekeres v. State Farm Fire and Cas. Co., Licking App. No. 02CA00004, 2002-Ohio-5989. The liability portion of the policy defines an "insured" as follows:
 {¶ 25} "The following are `insureds':
 {¶ 26} "a. You for any covered `auto.'
 {¶ 27} "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow except:
 {¶ 28} "1) The owner or anyone else from whom you hire or borrow a covered `auto.' This exception does not apply if the covered `auto' is a `trailer' connected to a covered `auto' you own.
 {¶ 29} "2) Your `employee' if the covered `auto' is owned by that `employee' or a member of his or her household.
 {¶ 30} "3) Someone using a covered `auto' while he or she is working in a business of selling, servicing, repairing, parking or storing `autos' unless that business is yours.
 {¶ 31} "4) Anyone other than your `employees,' partners (if you are a limited liability company), or a lessee or borrower or any of their `employees,' while moving property to or from a covered `auto.'" See, Section II(A)(1) of the Business Auto Coverage Form, attached to Appellant's Brief as Exhibit A16.
 {¶ 32} Pursuant to Scott-Pontzer, the "you" is Steven Endicott. However, the "you" is followed by the words "for any covered `auto.'" InEgelton v. United States Fire Insurance Co., Stark App. No. 2002CA00157,2002-Ohio-6176, ¶ 21, this court held the following:
 {¶ 1} "Assuming arguendo the trial court reviewed the correct definition of `Who Is An Insured,' the specific inclusion of `covered auto' into the definition of `you' as an insured places the definition outside the holding of Scott-Pontzer. Although the `you' may very well be an employee of the named insured, the `you' is only an insured when in a `covered auto.'"
 {¶ 1} The Declarations page of the policy under "Item Two: Schedule of Coverages and Covered Autos" identifies the "covered autos" as symbol "1." Said symbol corresponds to "any `auto'" in Section I(A) of the Business Auto Coverage Form. Therefore, Stephen Endicott, as the "you," is an insured for "any auto." Because appellant was operating a bicycle, we conclude appellant is not an insured under the policy.
 {¶ 2} Assignment of Error II is denied.
 III, IV, V, VI {¶ 3} The remaining assignments of error are moot.
 {¶ 4} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, J. and Boggins, J. concur.
Hoffman, P.J. concurs in part and dissents in part.
[1] Complaint was originally filed in the Court of Common Pleas of Cuyahoga County, Ohio. The case was transferred to the Court of Common Pleas of Richland County, Ohio on May 29, 2001.