JOURNAL ENTRY AND OPINION
{¶ 1} This appeal and cross-appeal present the issue of whether the trial court erred in granting summary judgment to plaintiff-appellee Lumbermens Mutual Casualty ("Lumbermens") on defendants-appellants Laura and Raymond Bebsz's claims for uninsured/underinsured motorists coverage under two policies issued by Lumbermens to Raymond Bebsz's employer, Cleaners Hangers Company.
 {¶ 2} On January 5, 1999, appellant Laura Bebsz was injured in a motor vehicle accident while riding as a passenger in Patricia Young's vehicle. It is undisputed that the collision, which occurred in Cleveland, Ohio, did not occur in connection with the course and scope of Raymond's employment. With the permission of Lumbermens, Laura settled her claim against Young for the limits of Young's insurance and it is undisputed that the limits of Young's insurance are less than the limits of the policies at issue herein. Appellants then sought coverage under a Trucker's Coverage Policy, No. 3MA767926-04, (hereafter "Truckers Coverage Policy") and a Commercial Automobile Liability No. F3DO11648-04 (hereafter referred to as the "Texas Policy") issued by Lumbermens to Raymond's employer, Cleaner Hangers Company.
 {¶ 3} In relevant part, the Trucker's Coverage policy provides:
 {¶ 4} "1. Named Insured * * * Cleaners Hanger Company * * *
 {¶ 5} "Who is an Insured
 {¶ 6} "1) You.
 {¶ 7} "2) If you are an individual, any `family member.'
 {¶ 8} "3) Anyone else `occupying' a covered `auto' or temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 9} "4) Anyone for damages he is entitled to recover because of `bodily injury' sustained by another `insured.'
* * *
 {¶ 10} "Drive other car coverage — Broadened for named Individuals"
* * *
 {¶ 11} "2. The following is added to Who is an Insured:
 {¶ 12} "Any individual named in the Schedule and his or her spouse, while a resident of the same household, are "insureds" while using any covered "auto" described in paragraph B.1. of this endorsement." (Emphasis added).
 {¶ 13} The record reflects that the Endorsement listed "BLANKET ALL EMPLOYEES." However, before the collision, the Endorsement was revised to list "Glenn Reid," per form CA 9910 (Ed. 01 87) and "Mike Ruen" and "John Troy," per form CA 9910 (Ed. 07 97). At no time was Raymond Bebsz's name listed on any Broadened Coverage for Named Individual Endorsement.
 {¶ 14} With regard to the second policy, i.e., the Texas policy, we note that this policy provides in relevant part as follows:
 {¶ 15} "1. Named Insured * * * Cleaners Hanger Company * * *
 {¶ 16} "Who is an insured
 {¶ 17} "1) You and any `designated person' and any `family member' of either.
 {¶ 18} "2) Any other person `occupying' a `covered auto.'
* * *
 {¶ 19} "Drive other car coverage — broadened for named individuals"
* * *
 {¶ 20} "2. The following is added to WHO IS AN INSURED:
 {¶ 21} "Any individual named in the Schedule and his or her spouse, while a resident of the same household, are "insureds" while using any covered "auto" described in paragraph B.1. of this endorsement." (Emphasis added).
 {¶ 22} The record reflects that the Endorsement listed "BLANKET ALL EMPLOYEES." However, effective July 1, 1998 until July 1, 1999, the Endorsement was revised to list "Tom Ramey," per form TE 9910B (Ed. 03 92). At no time was Raymond Bebsz's name listed on any Broadened Coverage for Named Individual Endorsement.
 {¶ 23} Appellants moved for summary judgment, maintaining that Laura is an "insured" under both corporate policies pursuant to the Supreme Court's interpretation of this term in Scott-Pontzer v. LibertyMutual Ins., 85 Ohio St.3d 660, 1999 Ohio 292, 710 N.E.2d 1116. Appellee Lumbermens also moved for summary judgment, asserting that the addition of additional named insureds and the endorsement entitled "Drive Other Car Coverage — Broadened Coverage for Named Individuals" eliminated any ambiguity in the definition of "who is an insured," thereby barring coverage under both policies for Laura's injuries in Young's vehicle. The trial court accepted Lumbermens' argument and entered summary judgment for the insurance company. This appeal and cross-appeal followed.
BEBSZS' APPEAL
 {¶ 24} Within their assignments of error,[1] appellants assert that the trial court erred by holding that they were not insureds under the Trucker's Coverage Policy and the Texas policy.
 {¶ 25} We employ a de novo review in determining whether summary judgment was properly granted. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585,706 N.E.2d 860.
 {¶ 26} Summary judgment is appropriate where: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-70,1998-Ohio-389, 696 N.E.2d 201.
 {¶ 27} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197.
 1. The Trucker's Coverage Policy {¶ 28} In Scott-Pontzer, 85 Ohio St.3d 660, 710 N.E.2d 1116, the Supreme Court of Ohio considered with the issue of whether "an employee * * * was an insured for purposes of underinsured motorist coverage" pursuant to a policy that was issued to the claimant's employer, Superior Dairy. The policy defined an "insured" as:
 {¶ 29} "1. You.
 {¶ 30} "2. If you are an individual, any family member."
 {¶ 31} The Court held that "where a commercial auto policy issued to a corporation defined the named insured as `you' and `if you are an individual, any family member,'" such policy language was ambiguous. The Court further found that because a corporation cannot occupy an automobile or suffer from bodily injury, it was meaningless to limit protection solely to the corporation. The Court therefore found that "you" included employees of the corporation.
 {¶ 32} In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the Supreme Court examined identical policy language and agreed that the term "you" is ambiguous where the policyholder is a corporation. The Court held, however, that the term had to be construed to mean employees within the scope of their employment, and limited the application of the Scott-Pontzer decision accordingly. The Court further determined that a second definition of an insured, "if you are an individual, any family member" does not extend insurance coverage to a family member of an employee of the corporation unless that employee is also a named insured. Id., overruling Ezawa v. Yasuda Fire MarineIns. Co. of Am. (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142.
 {¶ 33} In this matter, the Trucker's Coverage Policy was issued to a corporation and defines "who is an insured" as "you" and "If you are an individual, any `family member.'" As to the first of these definitions, we hold that by application of the Supreme Court's pronouncements inWestfield Ins. Co. v. Galatis, supra, the term "you" must be construed to provide coverage to employees acting within the scope of their employment. Because it is undisputed that Laura Bebsz was not an employee of Cleaner Hanger Company at the time of her injury, she is not an insured "you" under the policy. Laura Bebsz is a "family member" of Raymond Bebsz, but the record reveals that Raymond is not a named insured by any endorsement in effect at the time of the accident at issue herein. That is, although a "Drive other car coverage — broadened for named individuals" endorsement which listed "Blanket all Employees," had been issued, prior to the collision at issue, the Endorsement was revised to list "Glenn Reid," per form CA 9910 (Ed. 01 87) and "Mike Ruen" and "John Troy," per form CA 9910 (Ed. 07 97). At the relevant time, Raymond Bebsz's name listed on any Broadened Coverage for Named Individual Endorsement. Accordingly, there are no genuine issues of material fact, and Lumbermens was properly awarded summary judgment as to the Trucker's Coverage Policy. We therefore affirm the judgment of the trial court as it pertains to this policy, albeit for different reasons than those stated by the trial judge. Cf. Myers v. Garson (1993),66 Ohio St.3d 610, 614-615, 614 N.E.2d 742 (an appellate court may affirm a correct judgment based on reasons other than those used by the lower court); Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 96,551 N.E.2d 172.
 2. The Texas Policy {¶ 34} Appellants next maintain that they are entitled to coverage under the Texas policy because it does not contains language restricting its operation to the State of Texas. Lumbermens notes, however, that the policy is called a "Texas Commercial Auto Policy," contains a Texas Consumer Notice, and that "TE" or Texas numbers precede the various endorsements. Lumbermens therefore maintains that the parties intended that this policy would only apply in Texas, and not in Ohio.
 {¶ 35} As an initial matter, we note that our examination of the Texas policy, F3DO11648-04, does not reveal whether Cleaners Hanger Company owns any vehicles registered or principally garaged in Ohio as the record indicates only that there is a "Schedule on file with the company" that lists such vehicles and the place where they are principally garaged. We therefore cannot determine whether the policy was "delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state" within the meaning of R.C. 3937.18(A), and we cannot be certain that Ohio law would apply to this matter.
 {¶ 36} Further, the parties did not indicate which state's law would govern their contractual rights and duties. Accordingly, pursuant to Ohayon v. Safeco Ins. Co. of Illinois, 91 Ohio St.3d 474, 2001 Ohio 100,747 N.E.2d 206 and Gries Sports Ent., Inc. v. Modell (1984),15 Ohio St.3d 284, 473 N.E.2d 807, syllabus, the rights and duties under the contract are determined by the law of the state that, with respect to that issue, has "the most significant relationship to the transaction and the parties." Accord Restatement at 575, Section 188(1). To assist in making this determination, Section 188(2)(a) through (d) more specifically provides that courts should consider the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties. Id. at 287. It could be argued that Texas has "the most significant relationship to the transaction and the parties." We note that the "Forms and Endorsements Applicable to All Coverage Parts" lists the "Texas Commercial Auto Policy" and the "Texas Consumer Notice." In addition, the policy contains a schedule of coverage for hired or borrowed cars which indicates that liability coverage is provided in Texas, and the Composite rate — Total Premium by State lists only Texas. We further note that it is doubtful that a Scott-Pontzer type claim would be recognized in Texas. See Grain Dealers Mut. Ins. Co. v.McKee (1997), 40 Tex. Sup.Ct. J. 483, 943 S.W.2d 455 (where corporation was named insured and policy defined an insured as "you and any designated person and family member of either," court held that there was no ambiguity in definition of insured and no coverage for daughter of shareholder of corporation).
 {¶ 37} Nonetheless, we note that the policy indicates a Florida address for Cleaner Hanger Company, and there is no evidence in the record as to the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, and place of incorporation. We therefore conclude that there are genuine issues of material fact as to which state's laws govern the Texas policy. Moreover, we cannot say as a matter of law whether a Scott-Pontzer-type claim could be maintained under the policy until such governing state is identified. Cf. McDonaldv. Williamson, Cuyahoga App. No. 81590, 2003-Ohio-4801; Ohayon v. SafecoCo. Of Illinois, 91 Ohio St.3d 474, 2002-Ohio-100; Garcia v. Green, Lucas No. L-02-1351, 2003-Ohio-3841; Edmonson v. Premier Indus. Corp., Cuyahoga No. 81132, 2002-Ohio-5573.
 {¶ 38} In accordance with the foregoing, the judgment of the trial court, as it pertains to the Texas policy, is reversed and remanded for further proceedings consistent with this opinion.
 LUMBERMENS' APPEAL {¶ 39} Within their cross-appeal, Lumbermens contends that coverage the Texas Policy was never intended to provide coverage in Ohio. Lumbermens further asserts that Laura Bebsz was not occupying a "covered auto" at the time of the collision which is the subject of this litigation.[2] For the reasons set forth previously, this cross-appeal is moot. App.R.12(A)(1)(c).
 {¶ 40} The judgment of the trial court is affirmed as to the as to the Trucker's Coverage Policy on authority of Westfield Ins. Co. v.Galatis, supra, and the judgment of the trial court, as it pertains to the Texas policy, is reversed and remanded for further proceedings consistent with this opinion.
James J. Sweeney, J., concurs.
Anne L. Kilbane, P.J., Concurs in part and dissents in part (see attached separate opinion).
 Bebszs' Assignments of Error
"1. The trial court committed error by holding that the policy of insurance issued by the Appellee-Plaintiff known as the Trucker's Coverage Policy 3MA767926-04, does not provide uninsured/underinsured motorist coverage to the Appellants as a result of an automobile accident on January 5, 1999 specifically holding that the addition of an additional names insured under a Drive Other Car-Broadened Coverage for Named Individual Endorsement removed any ambiguity that may be contained under the `who is an insured' section of the policy of insurance as the policy included Raymond Bebsz and his family members as insureds thereby rendering summary judgment in favor of the Appellee inappropriate and summary judgment in favor of the Appellants appropriate as a matter of law.
"2. The trial court committed error by holding that the addition of an additional names insured under a Drive Other Car-Broadened Coverage for Named Individuals removed any ambiguity that may be contained under the `who is an insured' section of the policy of insurance known as Commercial Automobile Liability policy F3DO11648-04 (the `Texas' policy) issued by the Appellee to the employer of the Appellant, Raymond Bebsz, thereby rendering summary judgment in favor of the Appellees inappropriate and summary judgment in favor of the Appellants appropriate as a matter of law."
 Lumbermens' Cross-Assignments of Error
"The trial court erred in holding that Lumbermens Mutual Casualty Company's Texas Commercial Auto Policy Number F3D011648-04 affords coverage in the State of Ohio.
"Appellant Laura Bebsz is not entitled to Ohio UM/UIM benefits under the Lumbermens Truckers Coverage Policy because she was not occupying a covered auto."
[1] See Appendix.
[2] See Appendix.