DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the May 10, 2007 judgment of the Lucas County Court of Common Pleas which granted defendant-appellee Selective Insurance Company of South Carolina's motion for summary judgment.[1] For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} The relevant facts of this case are as follows. In March 2002, through its broker, Sky Insurance, appellant, Reserve Associates Limited ("Reserve"), an Ohio limited liability company, purchased an insurance policy from Selective Insurance Company of South Carolina ("Selective.") The insurance policy included coverage for a 2002 Jeep Cherokee owned by Reserve and located in South Carolina. The policy defined an "insured" as "you" for any "covered auto" and "anyone else while using, with your permission a covered `auto' you own, hire or borrow * * *." The policy limited coverage to the "total of all damages * * * resulting from any one `accident' * * *." It is undisputed that the policy did not contain a choice-of-law provision.
 {¶ 3} On December 17, 2003, Bennett Hartsel and Brett Jones were traveling in the Jeep Cherokee on Johns Island, South Carolina. The vehicle was involved in a singe car accident and both passengers were killed. A dispute arose as to who was operating the vehicle at the time of the accident. The local authorities and the coroner believed that Bennett Hartsel was the driver. Appellee hired an expert to reconstruct the accident; the expert's report concluded that Brett Jones was likely the driver. The estates of both men filed wrongful death lawsuits against each other in South Carolina. Due to conflicting reports as to who the driver of the vehicle was, appellee agreed to consider both estates as "insureds" and defended both parties in the South Carolina litigation. Appellant was not a party to this action.
 {¶ 4} During the course of the South Carolina litigation, appellee settled the claims brought by the estate of Brett Jones against the estate of Bennett Hartsel for the *Page 3 
sum of $185,000. On October 27, 2006, a jury verdict for $50,000 was awarded in favor of the estate of Bennett Hartsel.
 {¶ 5} Prior to the conclusion of the South Carolina litigation, on June 30, 2005, appellant commenced the instant action against appellee and Sky Insurance. As to Selective, appellant alleged breach of the insurance contract by appellee's failure to keep appellant informed of all the proceedings in the South Carolina litigation and failure to provide appellant an assessment of the validity of the claims and a financial evaluation of each claim so that appellant could notify any excess carrier or take any other necessary action to protect itself in the event of a verdict in excess of coverage. Appellant claimed that appellee failed to negotiate a settlement in good faith solely for the purposes of delay. Appellant further contended that appellee acted in bad faith when it failed to accept the accident reconstructionist's report as to who was operating the vehicle.
 {¶ 6} On May 12, 2006, appellee filed a motion for summary judgment. Appellee argued that based on Ohio law, appellant had no standing to maintain the action because it was not a party to the South Carolina litigation and it was not the "insured" for purposes of that action. Conversely, in its memorandum in opposition, appellant argued that South Carolina law applies to the claims against appellee and that South Carolina law provides that the policyholder has standing to raise claims of breach of contract and bad faith.
 {¶ 7} In a May 10, 2007 opinion and judgment entry, the trial court held under a choice-of-law analysis that Ohio law applied. Further, the court determined that *Page 4 
appellant was a third party to the South Carolina litigation and did not have standing to bring the instant suit in Ohio. Therefore, the trial court granted appellee's motion for summary judgment.
 {¶ 8} Appellant now raises the following assignment of error:
 {¶ 9} "I. The trial court erred to the prejudice of appellant when it granted the defendant's/appellee's motion for summary judgment."
 {¶ 10} Appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. Of Commrs. (1993),87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt, 75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). *Page 5 
 {¶ 11} The sole question before this court is whether Ohio or South Carolina substantive law governs this case. Choice-of-law questions regarding insurance contracts are governed by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971). Ohayon v. Safeco Ins. Co. of Illinois, 91 Ohio St.3d 474,2001-Ohio-100, at paragraph two of the syllabus.
 {¶ 12} The Ohayon court further stated:
 {¶ 13} "Section 188 provides that, in the absence of an effective choice of law by the parties, their rights and duties under the contract are determined by the law of the state that, with respect to that issue, has `the most significant relationship to the transaction and the parties.' Restatement at 575, Section 188(1). To assist in making this determination, Section 188(2)(a) through (d) more specifically provides that courts should consider the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties." Id. at 477, citingGries Sports Ent, Inc. v. Modell (1984), 15 Ohio St.3d 284.
 {¶ 14} In the present case, applying the Restatement factors relied upon in Ohayon, we note that appellant purchased the Selective policy from Sky Insurance in Ohio. The policy was delivered to appellant in Ohio. Accordingly, we conclude that the place of contracting was in Ohio. *Page 6 
 {¶ 15} The second factor is the place of negotiation of the contract. Appellant negotiated the contract through Sky Insurance which is located in Ohio. Thus, we can infer that the contract was negotiated in Ohio.
 {¶ 16} The place of performance of the contract was, in large part, in the state of Ohio. The Selective policy provided coverage for appellant's commercial and personal property, which was located in Ohio; automobile coverage was also provided for three vehicles, one or more of which was licensed and/or principally garaged in South Carolina. Additionally, the policy contained an Ohio uninsured/underinsured coverage endorsement.
 {¶ 17} The fourth factor is the location of the subject matter of the contract. As set forth above, the commercial property covered under the policy was located in Ohio. The vehicle that is the subject matter of this case was located in South Carolina.
 {¶ 18} Finally, we must consider the domicile or place of business of the parties. Appellant is an Ohio limited liability corporation and appellee is located in South Carolina and is an affiliate of Selective Insurance Companies incorporated in New Jersey.
 {¶ 19} Based on the foregoing, we find that Ohio has the most significant relationship to the insurance contract and to the parties. The contract was negotiated and delivered in Ohio; the majority of the contract performance occurred in Ohio; and appellant is an Ohio company. Accordingly, we find that Ohio law applies to appellant's claims; the trial court did not err in granting appellee's motion for summary judgment. Appellant's assignment of error is not well-taken. *Page 7 
 {¶ 20} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., William J. Skow, J., concur.
[1] Defendant Sky Insurance, Inc. was also granted summary judgment; on July 11, 2007, appellant filed a notice dismissing Sky Insurance from this appeal. *Page 1